## JENNIE CALLAGHAN *vs.* THOMAS O'BRIEN.

Suffolk. Nov. 13, 14, 1883. — Jan. 31, 1884. C. ALLEN & HOLMES, JJ., absent.

T. conveyed a parcel of land to O. by a mortgage not containing a power of sale, and, after a breach of the condition, O. made an entry for possession, and afterwards assigned the mortgage to the wife of M., "together with the possession taken to foreclose said mortgage." The consideration expressed in the assignment was the same as that in the mortgage. The heirs of T., one of whom was the wife of O., together with O., who joined in the deed, conveyed the land to M., "subject to a mortgage" described, which was the one above named. M. then mortgaged the land to O., with full covenants of warranty and against incumbrances. M.'s wife did not join in the grant, but joined in the *in testimonium* clause, releasing her rights of dower and homestead, and as follows: "And also, as further security for the mortgage, I release and convey my interest under the mortgage given by T. to O." She died intestate, leaving her husband M. and a child surviving her; and letters of administration were taken out on her estate. O., for breach of the condition of the mortgage from M., sold the land, under a power of sale in the mortgage, by public auction. *Held*, in an

action by the purchaser at the sale against O., to recover the amount of a deposit made in accordance with the terms of sale, on the ground that the title to the land was defective, that the mortgage from T. to O. was not extinguished, and was an outstanding title. *Held, also,* that evidence of the manner in which the consideration of the deed to M. was paid, and of the purpose for which the assignment to M.'s wife was made, was inadmissible to control the effect of the conveyances.

A mortgagee advertised to sell by public auction, under the power of sale in his mortgage, " all and singular the premises described in said mortgage, namely, a certain parcel of land," describing it by metes and bounds, and stating that " the above premises are to be sold subject to taxes." The terms of sale referred to the premises as "frame building and land mentioned and described in the printed advertisement." The memorandum signed by the purchaser stated that he was the purchaser " of the above described estate in the printed advertisement ; " and the receipt given by the auctioneer to the purchaser, for the amount deposited in accordance with the terms of sale, acknowledged payment of that sum as part payment of the price " of house and land." *Held,* that it was the intention to sell the land, and not an equity of redemption ; and that the purchaser must have so understood.

If a mortgagee, selling the mortgaged premises by public auction, is bound, but does not offer, to give a good title thereto, the purchaser at the sale is entitled, in an action for money had and received, to recover the amount of a deposit made in accordance with the terms of sale.

CONTRACT for money had and received. Trial in the Superior Court, before *Colburn,* J., who reported the case for the determination of this court, in substance as follows :

Mary H. Toomey died seised of an estate situated in East Boston, and leaving a husband, Daniel Toomey, and, as her heirs at law and next of kin, two sons, Patrick Toomey and John Toomey, and a daughter, Ellen O'Brien, the wife of the defendant in this action.

By a deed dated December 15, 1870, Patrick Toomey, John Toomey, Ellen O'Brien, and the defendant conveyed the estate in question to Daniel Toomey. By a deed dated August 30, 1871, and recorded August 31, 1871, Daniel Toomey conveyed said estate in mortgage to the defendant. The condition of this mortgage was the payment of $1033.33 in two years, with interest at the rate of six per cent per annum, and it was without a power of sale. Under this mortgage, entry for possession was made by the mortgagee on November 14, 1874, and a certificate of such entry was recorded on the same day.

By a deed dated December 16, 1875, and recorded December 21, 1875, the defendant assigned said mortgage, " together with the possession taken to foreclose said mortgage," to Bridget F.

Mahoney, the wife of Timothy J. Mahoney. The consideration expressed in this assignment was $1033.33.

By a deed dated December 16, 1875, and recorded December 21, 1875, John Toomey and Ellen O'Brien, reciting themselves to be the only heirs at law of Daniel Toomey, deceased, intestate and unmarried, and of Patrick Toomey, deceased, intestate and unmarried, together with the defendant, who joined in said deed as one of the grantors, for the consideration of $2000, conveyed the estate in question to Timothy J. Mahoney, "subject to a mortgage given to secure the payment of $1033.33." Timothy J. Mahoney, by a deed dated December 20, 1875, and recorded December 21, 1875, conveyed the estate in mortgage to the defendant. The condition of this mortgage was the payment of $1000 on or before November 1, 1877. This mortgage was in the common form, with full covenants of warranty and against incumbrances.

Bridget Mahoney, wife of Timothy J. Mahoney, did not join in said mortgage in the grant or covenants thereof, but only joined in the *in testimonium* clause in the following words: " And for the consideration aforesaid, I, Bridget Mahoney, wife of said Timothy J., do hereby release unto the grantee and his heirs and assigns all right of or to both dower and homestead in the granted premises, and also, for further security for this mortgage, I release and convey my interest under the mortgage given by Daniel Toomey to said Thomas O'Brien, recorded with Suffolk Deeds, liber 1066, fol. 218."

Bridget F. Mahoney died intestate on April 10, 1880, leaving surviving her her said husband, Timothy J. Mahoney, and one child ; and letters of administration have been taken out on her estate.

For breach of the condition of the $1000 mortgage, the defendant, in execution of the power of sale therein, published an advertisement, which stated that at a certain time and place there would be sold by public auction " all and singular the premises described in said mortgage, namely, a certain parcel of land," describing it by metes and bounds, and concluding as follows : " being the same premises conveyed to Timothy J. Mahoney by said Thomas O'Brien *et al.* by deed recorded with Suffolk deeds. The above premises are to be sold subject to any

and all existing taxes; $200 to be paid at time and place of sale, and balance upon delivery of the deed. Terms made known at sale. For further particulars apply to the auctioneer."

At the time and place of sale, the estate was sold by public auction, by a duly licensed auctioneer, to the plaintiff, who paid $200 to the auctioneer, and received the following receipt therefor, signed by the auctioneer: " $200. East Boston, Aug. 10, 1880. Received of Jennie Callaghan two hundred dollars as part payment of the price of house and land situate on the corner of Porter and Havre Streets, East Boston, as per terms of sale."

The title of the estate being reported to the plaintiff to be defective, she demanded the return of the purchase money deposited, and brought this action.

The defendant offered in evidence the following memorandum, signed by the plaintiff, and delivered to the defendant at the sale. " East Boston, Aug. 10, 1880. Terms of sale. On Tuesday, Aug. 10, 1880, will be sold frame building and land situate on Porter Street, corner of Havre, East Boston, mentioned and described in the printed advertisement hereto, on the following terms, viz. $200 to be paid at time of sale; balance of the purchase price in ten days from time of sale." " East Boston, Aug. 10, 1880. I am the purchaser of the above-described estate in the printed advertisement hereto, purchased for the sum of $2510, and hereby assent to the terms and conditions of sale, and agree to abide by the same."

It was agreed at the trial, subject to the plaintiff's objection as to admissibility and competency, that, of the $2000 consideration of the deed from the Toomey heirs to Timothy J. Mahoney, $1000 was paid in cash to said heirs, and $1000 in the $1000 mortgage from Mahoney to the defendant; that all the deeds and assignments recorded December 21, 1875, were delivered and recorded simultaneously; that the defendant accepted the mortgage of $1000 in part payment of the mortgage of $1033.33, and was then and there paid by the heirs the remaining $33.33 and accrued interest in cash; that about February, 1871, Patrick Toomey, one of the heirs of Daniel Toomey, sailed from Portland to Havana, and neither he nor the ship in which he sailed has since been heard from; and that the mortgage of

$1033.33 was assigned by the defendant to Bridget F. Mahoney, instead of being discharged or assigned to Timothy J. Mahoney, for the purpose of preventing a merger, and to keep it alive so as to cut off Patrick Toomey or his heirs, if he or they should return.

The judge ordered a verdict for the plaintiff, which was returned accordingly.

If the defendant was bound to give a good title, and was able to do so, judgment was to be entered for the defendant; otherwise, judgment on the verdict.

*J. A. Maxwell*, for the defendant.

*C. F. Paige*, for the plaintiff.

FIELD, J.   At the time of the conveyance by John Toomey, Ellen O'Brien, and Thomas O'Brien to Timothy J. Mahoney of the land subject to the mortgage for $1033.33, this mortgage, " with the possession taken to foreclose said mortgage," was assigned by Thomas O'Brien to Bridget F. Mahoney, wife of Timothy J. Mahoney.   Timothy J. Mahoney mortgaged back the land so conveyed to him, with full covenants of warranty and against incumbrances, to Thomas O'Brien for $1000, and his wife, not joining in the grant, joined with him in the *in testimonium* clause, as follows : " And for the consideration aforesaid, I, Bridget Mahoney, wife of said Timothy J., do hereby release unto the grantee and his heirs and assigns all right of or to dower and homestead in the granted premises, and also, for further security for this mortgage, I release and convey my interest under the mortgage given by Daniel Toomey to said Thomas O'Brien," which was the mortgage for $1033.33.   If these words have any effect, they assigned the mortgage for $1033.33 to Thomas O'Brien, as security that the debt of $1000 secured by the mortgage from Timothy J. Mahoney to him should be paid, and, on payment of this debt, Bridget F. Mahoney would be entitled to a reassignment to her of the mortgage she had assigned.   If Mahoney paid his mortgage, and it was discharged. he would then hold the equity of redemption, and his wife would hold the first mortgage.   According to the legal effect of the conveyances, if the purchase made in this case were carried out, the remainder of the purchase money (after satisfying the mortgage debt of $1000, with interest and the expenses

of the sale) would belong to Timothy J. Mahoney, who would be liable on the covenants in his deed of mortgage, and the administrator of the estate of Bridget F. Mahoney would be entitled to an assignment of the mortgage for $1033.33. If there are any equities existing between the defendant Mahoney and his wife, which control this effect of the conveyances, they cannot be determined in this action. It is immaterial whether this last-named mortgage has been foreclosed by the entry for possession and the lapse of time, or not. If the fact that the equity was held by Mahoney and the mortgage by his wife prevented the foreclosure, still it did not extinguish the mortgage, and, on the face of the conveyance, it is an outstanding title.

In an action at law, the evidence recited of the manner in which the $2000 was paid, which was the consideration of the deed of John Toomey and others to Timothy J. Mahoney, as well as the evidence of the purpose for which the assignment of the mortgage for $1033.33 was made, is inadmissible to control the effect of the conveyances. This evidence does not tend to show that the first mortgage was in fact paid, and intended to be discharged. It follows, that the defendant could not give a good title to the land by a sale under the power contained in the mortgage to him, independently of the question whether Patrick Toomey had died intestate and unmarried.

By the advertisement and terms of sale, it was plainly the intention to sell the land, and not an equity of redemption. The purchaser must have so understood. The defendant is bound to give, but does not offer to give, a good title to the land, and the plaintiff is therefore entitled to recover the deposit of money she made. *Swan* v. *Drury*, 22 Pick. 485. *Pickman* v. *Trinity Church*, 123 Mass. 1, 6. *Fryer* v. *Rockefeller*, 63 N. Y. 268. *Riggs* v. *Pursell*, 66 N. Y. 193.        *Judgment on the verdict.*