JAMES BURK & another *vs.* HINDA E. SCHREIBER.

Suffolk.   January 16, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Rescission.

Where one has agreed to pay a balance of purchase money for certain land on delivery to him at an appointed time of a deed conveying a good title, and at the time appointed there is an attachment on the land outstanding and undischarged, he may decline to accept a deed and decline an offer of the seller to procure a discharge of the attachment as soon as possible, and may rescind the contract and recover back the money paid under it, without making any tender or formal offer of performance, the inability of the seller to perform giving him a right to rescind.

CONTRACT for a deposit of $150 paid by the plaintiffs to the defendant under a contract for the sale and conveyance of certain real estate by the defendant to the plaintiffs on payment of $850, the balance of the purchase money, within ten days. Writ in the Municipal Court of the City of Boston dated May 8, 1900.

On appeal to the Superior Court the case was tried before *Hopkins*, J., who ordered a verdict for the plaintiffs.   It was understood, that, in accordance with a request of the defendant, the judge was to have reported the case for determination by this court.   After the death of *Hopkins*, J., by agreement of the parties the case was so reported by *Braley*, J.

*L. M. Friedman*, for the defendant.

*J. J. Scott*, for the plaintiffs.

KNOWLTON, C. J.   There is no dispute that, by the terms of her contract, the defendant was bound to give the plaintiffs a

deed which would convey a good title. The time for the de-
livery of the deed and the payment of the balance of the price
was extended three times, for a period of twelve days in all, and
on the last day appointed it appeared that there was an attach-
ment upon the property which was outstanding and undis-
charged. The defendant's attorney submitted a paper of recent
date which purported to release the attachment, signed by the
attorney of record of the attaching creditor. The attaching
creditor had deceased nearly four months before, and no ad-
ministrator had been appointed. The plaintiffs then declined
to accept the deed tendered by the defendant, and declined the
defendant's offer to procure a discharge of the attachment as
soon as possible. They bring this action, not to recover dam-
ages for the breach of the defendant's contract, but to recover
back a part of the purchase money previously advanced at the
time of the auction sale.

The plaintiffs were not bound either to accept the deed while
there was an incumbrance on the property, or to wait to see
whether the defendant would procure a release of the attach-
ment after the appointment of an administrator, or give a bond
with sureties to dissolve the attachment. The defendant was
unable to perform her contract according to its terms, and the
plaintiffs, insisting on a performance, had a right to rescind it
and recover back their payment as money had and received to
their use. They were not obliged to tender performance, or to
make a formal offer of performance. The inability of the de-
fendant to perform gave them a right to rescind. *Swan* v.
*Drury*, 22 Pick. 485. *Pickman* v. *Trinity Church*, 123 Mass.
1, 6. *Mead* v. *Fox*, 6 Cush. 199. *Callaghan* v. *O'Brien*, 136
Mass. 378. *Gormley* v. *Kyle*, 137 Mass. 189. *Richmond* v. *Gray*,
3 Allen, 25. *Jeffries* v. *Jeffries*, 117 Mass. 184. The plaintiffs
may recover their advance payment on the ground that the con-
tract has ceased to be in effect, and that the money is held
without consideration.

*Judgment on the verdict.*