. HENRY WENZ *vs.* JEROME J. PASTENE.

Suffolk.     March 23, 1911. — June 21, 1911.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Landlord and Tenant. Equity Jurisdiction,* To establish rights under unrecorded
   lease for more than seven years.  *Deed,* Registration.

Under R. L. c. 127, § 4, if a person enters into a contract to purchase certain land
   and makes a part payment under the contract, without knowledge that the land
   is leased by an unrecorded lease for more than seven years, and then such in-
   tending purchaser is informed of the existence of the lease, he is deprived by
   such notice of the power to become an innocent purchaser, and if he chooses to
   complete the contract by paying the balance of the purchase money and taking
   a deed of the land, he holds it subject to the lease, which the lessee by a suit in
   equity may establish against him.

In a suit in equity by the lessee of certain real estate under an unrecorded lease
   for a term of more than seven years, against the purchaser of the real estate at
   a foreclosure sale, to enjoin the defendant from ejecting the plaintiff and to es-
   tablish the lease, it appeared that the defendant as the highest bidder at the sale
   entered into a contract to purchase the property and made a part payment of
   $2,000, and that at the time he entered into such contract and made such pay-
   ment he had not actual notice of the existence of the lease, but that before the
   delivery of the deed to him and his payment of the balance of the purchase
   money, $40,000, he had actual notice of the lease, and that he paid such bal-
   ance and took his deed, although the terms of the sale provided that, if he
   discovered and gave notice to the mortgagee of a material defect in the title,
   the mortgagee should perfect the title or return the part payment. The defend-
   ant contended that, if the plaintiff's lease was established against him, such
   establishment should be made conditional upon the payment of $2,000 by the
   plaintiff to the defendant to reimburse him for the part payment made by him

before he had knowledge of the lease. In a decision establishing the plaintiff's lease and enjoining his ejectment, it was *held*, that under the circumstances the decree should contain no condition of a prepayment of $2,000 by the plaintiff.

BILL IN EQUITY, filed in the Superior Court on October 14, 1910, to enjoin the defendant from ejecting the plaintiff from the premises occupied by him at 40 Ferdinand Street in Boston under a lease made to the plaintiff by one Gunaris on April 15, 1903, for a term of ten years and one month ending on May 14, 1913, and to establish the lease, which was alleged to have been unrecorded and to have been destroyed partially by fire. The bill alleged that on May 20, 1904, Gunaris made a mortgage of the premises containing a power of sale in case of default, that on August 24, 1910, the premises were sold under the power of sale and were purchased by the defendant, and that before the sale the defendant had notice of the lease to the plaintiff.

In the Superior Court the case was heard by *Hardy,* J. He found that the lease and the mortgage were made and that the defendant purchased at the foreclosure sale all as alleged in the bill. He also found that the lease was not recorded and that after its execution it was mutilated by fire so that it could not be recorded. He found that the mortgagees had actual notice of the lease before the execution of the mortgage ; that the defendant was the agent of one Howe in connection with the purchase and the conveyance to him of the premises; that the defendant did not have actual notice of the existence of the lease before the auction sale; but that before the delivery of the deed to the defendant and the payment of the balance of the purchase money, the principal of the defendant, Howe, as well as the defendant, had actual notice of the existence of the lease to the plaintiff, or knowledge of such facts in connection with the lease as the judge found to be equivalent to actual notice. He also found that the plaintiff was ready to pay the $2,000, which was paid by the defendant or his principal at the time of the auction sale as a part of the purchase money, and that he further was willing to pay the whole amount that was paid by the defendant for the deed of the premises, $41,600, as well as all the rent that had accrued for the use of the premises under the terms of the lease.

The judge found that the plaintiff was entitled to relief under the prayers of the bill, with costs, upon the condition that he paid to the defendant the $2,000 which was a part payment of the purchase money at the auction sale, with interest thereon from the date of such payment, as well as all rent that had accrued to date.

The judge ordered to be entered the following final decree:

" 1. That the lease, a copy of which is annexed to the plaintiff's bill, is established as a subsisting valid lease, of which the defendant had actual notice before the delivery of the deed of the premises therein described, to, and the acceptance thereof by, the defendant, and of which lease the mortgagees named in the bill had actual notice when they took the mortgage mentioned in said bill.

" 2. That the defendant, Jerome J. Pastene, his agents, attorneys and servants, are hereby enjoined and restrained from ejecting or disturbing the plaintiff in his possession of the premises described in said lease, so long as the covenants in said lease by the tenants to be performed, are performed and kept, and defendant is further enjoined and restrained from conveying said premises or any interest therein, excepting to a person or persons to whom the defendant has first given actual notice of said lease.

"This injunction shall, however, be of no force and effect, unless the plaintiff pays or tenders to the defendant the sum of $2,000 and interest thereon at six per cent per annum, from August 24, 1910, and also all unpaid rent accrued and due at the time of such tender or payment."

The plaintiff appealed from so much of the decree as directed that the injunction be of no force and effect, unless the plaintiff paid or tendered to the defendant the sum of $2,000 and interest thereon at six per cent per annum from August 24, 1910, and also all unpaid rent accrued and due at the time of such tender and payment.

The defendant appealed from the decree generally.

*H. Albers,* (*J. B. Holt* with him,) for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

BRALEY, J. The term of the plaintiff's leasehold was for more than seven years, and the lease, not having been recorded,

was valid only as against the lessor or his heirs and devisees, and persons having actual notice of it. R. L. c. 127, § 4. If the history of the statute is examined, the provision that actual notice must be shown, or a subsequent purchaser is not affected by an unrecorded instrument, first appears in the Rev. Sts. c. 59, § 28. But under the provisions of St. 1783, c. 37, § 4, providing that, although effective against the grantee and his heirs, a prior deed unless recorded, should not defeat a subsequent conveyance, the second purchaser could not hold the land, if he had express notice of the prior title before the purchase was consummated by delivery of the deed. *Adams* v. *Cuddy*, 13 Pick. 460. To permit him to do so, said Chief Justice Parsons in *Farnsworth* v. *Childs*, 4 Mass. 637, 639, "would be to convert the statute into an engine of fraud, instead of a protection against it." The additional words, "and persons having actual notice thereof" incorporated in the Rev. Sts. c. 59, § 28, did not change the law, but merely put in statutory form what already had been declared by judicial exposition. *Lawrence* v. *Stratton*, 6 Cush. 163, 166. *Morse* v. *Curtis*, 140 Mass. 112, 113.

The lessor mortgaged the reversion, and, although the mortgage omits any reference to it, the judge found, that the mortgagees at the date of the execution of the mortgage, and the defendant before delivery of the deed at the foreclosure sale, under which he asserts a paramount title to the premises, had actual notice of the existence of the plaintiff's lease. But being the highest bidder, and having entered into a contract to take the property, and having made a partial payment of the purchase price before he was notified, the defendant contends, that he acquired an inchoate right, which was perfected by the delivery and acceptance of the deed under the power of sale. If following the sale, and before receiving notice, the remainder of the price had been paid and the deed delivered, the defendant would have been a purchaser in good faith for a valuable consideration, but where notice is received before the purchase price has been actually paid, the completion of the purchase is held by the great weight of authority to be a fraud upon the prior holder of the title under an unrecorded deed or other instrument. *Osborn* v. *Carr*, 12 Conn. 195, 201. *Grimstone* v. *Carter*, 3 Paige, 421, 437. *Peabody* v. *Fen-*

*ton,* 3 Barb. Ch. 451, 464. *Nantz* v. *McPherson,* 7 T. B. Mon. 597. *Goldsborough* v. *Turner,* 67 N. C. 403. *Weaver* v. *Barden,* 49 N. Y. 286, 292. *Sargent* v. *Eureka Spund Apparatus Co.* 46 Hun, 19. *Haughwout* v. *Murphy,* 7 C. E. Green, 531. *Dean* v. *Anderson,* 7 Stew. 496. *Patten* v. *Moore,* 32 N. H. 382. *Blanchard* v. *Tyler,* 12 Mich. 339. *Dugan* v. *Vattier,* 3 Blackf. 245. *Wells* v. *Morrow,* 38 Ala. 125. *Hoover* v. *Donally,* 3 Hen. & M. 316. *Webb* v. *Bailey,* 41 W. Va. 463. *Everts* v. *Agnes,* 4 Wis. 343, 356. *Boone* v. *Chilles,* 9 Pet. 187. *Wormley* v. *Wormley,* 8 Wheat. 421. *Townsend* v. *Little,* 109 U. S. 504, 511, 512. *LeNeve* v. *LeNeve,* 3 Atk. 646, 654. *Willoughby* v. *Willoughby,* 1 T. R. 763, 767. See Pom. Eq. Jur. (3d ed.) § 755, and cases cited in note 2. It is the setting up of the second conveyance, and not the bargain to buy, which operates to defeat the plaintiff's tenancy, and under the statute, it is actual notice before the purchaser acquires title, which deprives him of its protection. *White* v. *Foster,* 102 Mass. 375. *Lamb* v. *Pierce,* 113 Mass. 72, 74. *Adams* v. *Cuddy,* 13 Pick. 460. *Flynt* v. *Arnold,* 2 Met. 619, 623. *Sibley* v. *Leffingwell,* 8 Allen, 584, 586, 587. If by the contract of sale, and the advancement of part of the consideration, the defendant may have acquired an equitable interest, it had not been clothed with the legal title, and after notice he ceased to be an innocent purchaser, and could not destroy the plaintiff's prior estate by getting a conveyance in fee. *Sibley* v. *Leffingwell,* 8 Allen, 584, 586, 587. *Lancaster National Bank* v. *Taylor,* 100 Mass. 18. *Suffolk Savings Bank* v. *Boston,* 149 Mass. 364, 367. *Grimstone* v. *Carter,* 3 Paige, 421. *Goshen National Bank* v. *Bingham,* 118 N. Y. 349. *Vattier* v. *Hinde,* 7 Pet. 252. *Phillips* v. *Phillips,* 4 DeG., F. & J. 208.

But as he who asks equity should do equity, the defendant urges that he should be reimbursed or protected to the extent of the partial payment before relief is decreed. Illustrations where the principle invoked would be applicable readily occur. If, for instance, the purchaser before notice, and by agreement with the vendor, discharged a mortgage or lien on the property in part payment, generally he should be allowed the amount disbursed, as the enhanced value of the estate enures to the benefit of the holder of the prior title. We do not find in the present case analogous conditions. The property to be sold was the mortgagor's title

as it stood at the date of the mortgage, and included the whole estate, and not merely the equity of redemption. *Ewer* v. *Hobbs*, 5 Met. 1, 3. *Hall* v. *Bliss*, 118 Mass. 554, 559. *Skilton* v. *Roberts*, 129 Mass. 306. *Callaghan* v. *O'Brien*, 136 Mass. 378, 383. The defendant, even if he acted as the agent of an undisclosed principal, is the record owner of the fee, and the bill is not brought to compel him to surrender the property. By the terms of sale it was expressly provided, that if the defendant discovered a material defect he could give written notice of it to the mortgagees, who if they preferred, might perfect the title, but if they did not they were obligated to return the payment. A title which appeared to the defendant to be perfect when the property was struck off had become defective, and he could have rescinded the contract, and maintained an action to recover back the instalment he had paid if the vendors refused to return it. *Callaghan* v. *O'Brien*, 136 Mass. 378, 383. *Burk* v. *Schreiber*, 183 Mass. 35, 36. Or if he had declined to complete the purchase, they could not have compelled specific performance. *Jeffries* v. *Jeffries*, 117 Mass. 184, 187. The plaintiff is not found to have been negligent in the assertion of his claim, and the right to rescind, which offered an ample opportunity to avoid being obliged to take an incumbered title, could be exercised only by the defendant. It may be, that as the lease would expire in something less than three years, while the rent reserved would be payable to the owner of the reversion, the value of the property with the accruing rent, would be a fair equivalent for the entire purchase price. But whatever may have been the reason, the defendant with knowledge of the incumbrance, by which, of course, his principal was bound, apparently did not desire either to receive back the money, or to obtain a clear title, and affirmed the contract. If for his principal's benefit, whom he is not shown to have consulted, or in the exercise of his own judgment as to the proper course to be taken, the defendant voluntarily went forward, and obtained the conveyance, he does not present a superior equity which entitles him to priority. *Grimstone* v. *Carter*, 3 Paige, 421, 437. *Balfour* v. *Hopkins*, 93 Fed. Rep. 564, 570.

We are of opinion, that not only is the defendant's title subordinate to the unexpired term, but under the circumstances the

plaintiff should not be required to refund the payment as a condition precedent to relief.

The decree must be modified by the omission of this requirement, but in all other respects it is affirmed.

*Ordered accordingly.*