ABBOTT L. WHITE *vs.* ALMOND A. SHIPPEE & others.

Franklin. September 16, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Deed,* Construction. *Adverse Possession.*

At the hearing of a petition for the registration of the title to a farm containing a soapstone ledge, the following facts appeared: The owner of the farm conveyed a right to mine for soapstone and other minerals on the farm for life to one who did not record the deed for eight years, and, three years after such conveyance, conveyed the farm, by metes and bounds and without reference to the mining grant previously made, to another person, who three years later conveyed the farm to still another person by a warranty deed containing the following words: "The said premises subject to a mortgage . . . which together with the Soap Stone Ledge is excepted from sale." There was no evidence that either of the grantees of the farm knew of the previous conveyance of a right to mine. *Held,* that the quoted words were not a mere reference to the incumbrance consisting of the life estate in the ledge, but were an exception of the ledge from the conveyance.

A soapstone ledge one hundred and sixty feet long and seventy-five feet wide, which could be definitely located on a certain farm, was excepted from a conveyance of the farm. For fifty-nine years after the conveyance neither the grantor of the farm nor his successors in title quarried the ledge, and there was no way from it to a public road. The grantee of the farm and his successors in title built and maintained a fence around the entire farm during that whole period. *Held,* that such facts did not show a title to the ledge by adverse possession in a successor of the grantee of the farm.

PETITION, filed in the Land Court on May 25, 1912, for the registration of certain land in the town of Rowe.

In the Land Court the case was heard by *Davis,* J.

It appeared that, in 1850, one Ebenezer Stanford Rice owned the land in question, which was a farm. In that year he executed to one Griffin and his assigns (the word "heirs" being omitted) a deed conveying to Griffin the right to mine soapstone and other

minerals on the farm. This deed was acknowledged and recorded in 1858.

The trial judge ruled that this grant created a life estate only.

In 1853 Ebenezer Stanford Rice conveyed all his right, title and interest in the farm, described by metes and bounds, to Ebenezer Rice, without any mention of the deed to Griffin.

In 1856 Ebenezer Rice conveyed the farm to Stebbins Rice by a warranty deed containing the following clause: "The said premises subject to a mortgage to Roland Sears of two hundred dollars, which together with the Soap Stone Ledge is excepted from sale."

The remaining deeds in the petitioner's chain of title contained references to the "ledge," as follows: "The Soapstone ledge is excepted from the sale." "Soapstone ledge excepted." "With a reserve of a certain soap stone ledge on the first mentioned tract of land."

It was agreed at the trial that the ledge could be definitely located, and was about one hundred and sixty-five feet long by seventy-five feet wide; that no work had been done on the ledge by any person since the deed to Stebbins Rice; that there was no entrance or way from the road to the ledge; that the tract of land had been fenced during all that time and that no taxes had been assessed or paid by any person on the ledge itself.

The bill of exceptions stated: "There was no other evidence of an occupation of the ledge by the owners of the farm, with a hostile exclusion of others therefrom."

The judge of the Land Court ruled that the soapstone ledge was expressly excepted from the conveyance by Ebenezer Rice to Stebbins Rice, that the mere outside fencing of the entire lot which included the ledge did not warrant a finding that the petitioner had acquired a title by adverse possession, and that the petitioner had no title to the ledge. The petitioner alleged exceptions.

*W. A. Davenport,* for the petitioner.

*D. Malone,* (*C. J. Parkhurst* with him,) for the respondent Shippee.

*J. F. Manning,* for the heirs of Ebenezer Rice.

BRALEY, J. It was correctly ruled, that the prior deed from Ebenezer Rice "to one Griffin and his assigns" of the right to

mine soapstone and other minerals created only a life estate, and in the absence of any recitals or statements to the contrary it must be assumed from the bill of exceptions, that Stebbins Rice to whom Ebenezer subsequently conveyed the farm, and under whom the petitioner by mesne conveyances derives title, was a purchaser for value without either actual or constructive notice of the incumbrance. *Sedgwick* v. *Laflin,* 10 Allen, 430. *Wenz* v. *Pastene,* 209 Mass. 359. The warranty deed, however, contained this clause: "The said premises subject to a mortgage to Roland Sears of two hundred dollars, which together with the Soap Stone Ledge is excepted from sale." The petitioner contends that this clause should be construed as meaning only a reference to incumbrances which were excepted from the grantor's covenant of warranty. Undoubtedly where the terms of a deed are ambiguous parol evidence of the circumstances under which the grant was made is competent. *Derby* v. *Hall,* 2 Gray, 236, 243. But while the reference raises a conclusive presumption of the grantor's knowledge of the ledge, the petitioner fails on the record to show that Stebbins Rice even then knew of the life estate. The language used, although technically inapt as to the mortgage, is appropriate as to the ledge, and when so construed the grantor's intention by the exception to take out of the premises conveyed the portion referred to, is free from ambiguity, and the ruling that no title thereto passed by the grant was right. *Ashcroft* v. *Eastern Railroad,* 126 Mass. 196, 198.

Nor has the petitioner acquired ownership of the ledge by adverse possession. The evidence fails to show, that with either the actual knowledge or the acquiescence of the owner, the petitioner and his predecessors in title asserted openly and notoriously an adverse continuous claim which during the period required had ripened into a title by prescription. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542. The parties agreed that the outcropping ledge which had not been quarried during the forty and more years elapsing since the conveyance to Rice and the ownership of the petitioner, could be definitely located, and that no way had been defined or established connecting the ledge with the public road. But the mere failure of Ebenezer Rice during his life or of his heirs to quarry the ledge, did not devest his title, and the erection and maintenance of a fence around the entire

tract of forty acres, while significant of an assertion to the enjoyment of the whole by the grantee, and those succeeding him, furnished of itself, as the trial judge properly ruled, no proof of the other essential elements. *Sargent* v. *Ballard,* 9 Pick. 251. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542.

The final ruling that the petitioner had not established any title to the ledge having necessarily resulted from the previous rulings, the exceptions must be overruled.

*So ordered.*