ELIAS RICHARDSON & another *vs.* JOSIAH F. LANE, executor.

Middlesex.   January 17, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Construction. *Equity Jurisdiction,* Specific performance. *Executor and Administrator,* Suits by and against. *Words,* "Fee simple."

Where by a contract in writing a man and his wife agree with an aged woman that they will provide suitable maintenance and support for her in her house during her life and the aged woman agrees that she will pay the man and wife $300 in cash and will make a will devising to them "in fee simple" the house in which she lives, this is an agreement to devise the house to them free from incumbrances, and if the man and wife care for and support the aged woman in her house until her death, when she devises to them the house and land "in fee

simple," but it turns out that when the agreement was made the house and land were subject to a mortgage on which $600 was unpaid and that this sum remained due at the time of the aged woman's death, the husband and wife may maintain a suit in equity against the executor of the will of the aged woman to enforce the performance of the contract by compelling the executor to pay off the mortgage.

In such a suit the husband and wife as plaintiffs are in the position of creditors, and under R. L. c. 141, § 1, such suit cannot be brought within one year after the executor's giving bond for the performance of his trust (or as the section now is amended by St. 1914, c. 699, § 1, within six months after that time).

The provision as to the time when an action can be brought by a creditor against an executor or administrator contained in R. L. c. 141, § 1, (now amended by St. 1914, c. 699, § 1,) applies to a suit in equity against an executor such as is described in R. L. c. 148, § 1, to enforce the specific performance of an agreement made by the defendant's testator where the payment of money out of the testator's estate is sought.

BILL IN EQUITY, filed in the Superior Court on February 17 and amended on December 30, 1914, against the executor of the will of Mary A. Christie, late of Cambridge, seeking to have the defendant as such executor ordered to pay off and discharge a mortgage on which $600 still was due to the Cambridgeport Savings Bank upon the house and lot numbered 100 on Western Avenue in Cambridge, which belonged to the defendant's testatrix at the time of her death and was devised by her to the plaintiffs in pursuance of an agreement in writing dated October 29, 1912, to convey the said house and lot to the plaintiffs free from all incumbrances; and

A CROSS BILL filed on March 1, 1916, to enforce the payment by the plaintiffs of certain bills alleged to have been incurred for medical attendance and nursing furnished to the defendant's testatrix and for $30 paid as interest on the mortgage mentioned above.

The contract on which the principal suit was founded was as follows:

"This agreement made this twenty-ninth day of October, A. D. 1912, by and between Mary A. Christie of Cambridge, Massachusetts, party of the first part, and Elias Richardson and Helen M. Richardson, his wife, of said Cambridge, parties of the second part, witnesseth:

"The parties of the second part, in consideration of the sum of three hundred dollars ($300) to them paid by the party of the first part, the receipt of which they hereby acknowledge, and in further

consideration of the agreements of the party of the first part herein contained, hereby agree that they will, during the life of the said party of the first part, provide her with suitable and adequate clothing, food, light, heat, shelter, medical attendance, nursing, medicines and other things, reasonably necessary for her personal comfort, and otherwise care for and maintain her in her present home, being the house and premises numbered 100 on Western Avenue in said Cambridge, in accordance with her present methods and standard of living.

"The party of the first part in consideration of the agreements of the parties of the second part herein contained, agrees that they, so long as they shall perform their said agreements to her satisfaction, shall have the use, free of rent, of the said house and premises owned by her, she, however, reserving for her exclusive use the front room on the second floor and the chamber now used by her as a sleeping room; they to pay all taxes, water rates, insurance, and other charges connected therewith, and to keep and maintain said premises in as good condition and repair as they now are, reasonable use and wear excepted.

"The party of the first part further agrees that she will make a will devising said premises to the parties of the second part in fee simple.

"It is expressly understood and agreed, however, that each party hereto reserves the right to terminate this agreement at any time upon notice to the other and upon such termination all obligations of either party shall cease and said devise shall be revoked.

"Witness our hands and seals.

| In presence of | Mary A. Christie | (Seal) |
| Frank C. Chamberlain | Elias Richardson | (Seal) |
| witness to all | Helen M. Richardson | (Seal) " |
| three signatures. | | |

The will of Mary A. Christie was dated October 29, 1912. The testatrix died on August 31, 1913, and her will was allowed by the Probate Court. The defendant was appointed executor and gave bond for the performance of his trust on October 2, 1913. The will contained the following provision:

"Second: I give and devise to Elias Richardson and Helen M. Richardson, his wife, of said Cambridge, in fee simple, my house and land numbered 100 on Western Avenue in said Cambridge."

The case was heard by *Fox*, J. The evidence is described in the opinion. He found that, when the agreement was made and at the death of Mrs. Christie, the house which she agreed to devise to the plaintiffs in fee simple was subject to a mortgage made by her on which there was due $600. He found, if it was material, that the plaintiffs did not know of the existence of that mortgage when they executed the agreement.

The judge ruled that by the true meaning of the agreement Mrs. Christie agreed to devise a clear title, and that there was a breach of the agreement in that the property devised by her was subject to the $600 mortgage.

The property, 100 Western Avenue, being all the real estate of Mrs. Christie, was inventoried at $3,200 and her personal property at $2,681. This personal property "was sufficient to pay all the debts of the estate and the costs of discharging said mortgage."

After the appointment of the defendant as executor, he was requested by the plaintiffs to discharge the mortgage, which he refused to do. As the interest fell due upon the mortgage, he was requested to take care of the interest, but he refused to do so; and the plaintiffs paid as interest on the mortgage up to March 1, 1916, the sum of $75.

The remaining question was whether the case had been brought prematurely, as it appeared that the bill was brought less than a year after the appointment of the executor. On this the judge ruled that, even if it were conceded that the plaintiffs, by reason of the agreement, had a preferred claim upon the real estate, he could see no ground for holding that they had a preferred claim upon the $600 which the executor must pay out of the personal property in his hands in order to clear the title. The judge ruled that under R. L. c. 141, § 1, the suit was brought prematurely, and therefore should be dismissed.

As to the respondent's cross bill the judge found that the bill of Dr. Marcy for $57 for attendance upon Mrs. Christie during her last illness, which had been paid by the executor, was an obligation which properly rested upon the plaintiffs under their agreement. But, since it appeared that the plaintiffs had paid $75 as interest upon the mortgage since Mrs. Christie's death, the two claims should be offset.

He made an order that both the bill and the cross bill should be

dismissed without costs, and at the request of the plaintiffs reported the case for determination by this court, such decree to be entered as justice and equity might require.

R. L. c. 141, § 1, is as follows: "An executor or administrator shall not be held to answer to an action by a creditor of the deceased which is commenced within one year after his giving bond for the performance of his trust, unless such action is brought for the recovery of a demand which would not be affected by the insolvency of the estate or, after the estate has been represented insolvent, for the purpose of ascertaining a contested claim."

St. 1914, c. 699, § 1, is as follows: "Section one of chapter one hundred and forty-one of the Revised Laws is hereby amended by striking out the words 'one year,' in the third line, and inserting in place thereof the words: — six months, — so as to read as follows: Section 1. An executor or administrator shall not be held to answer to an action by a creditor of the deceased which is commenced within six months after his giving bond for the performance of his trust, unless such action is brought for the recovery of a demand which would not be affected by the insolvency of the estate or, after the estate has been represented insolvent, for the purpose of ascertaining a contested claim."

Section 9 of that statute is as follows: "This act shall take effect on the first day of September, nineteen hundred and fourteen, but the provisions thereof shall not apply to the estates of persons who have deceased prior to said date."

In the present case the executor filed his bond on October 2, 1913, and the bill was filed on February 17, 1914, so that the suit would have been brought prematurely, even if the amendment had applied to it.

R. L. c. 148, § 1, is as follows: "If a person who has entered into a written agreement for the conveyance of real property dies or is put under guardianship before making such conveyance, the Probate Court shall have jurisdiction concurrent with the Supreme Judicial Court and the Superior Court to enforce a specific performance of such agreement, and, upon a petition therefor by any person interested in the conveyance, shall, after notice, if upon the hearing it appears that the deceased, were he living or the ward, were he not under guardianship, would be required to make the conveyance, order the executor or administrator or the guardian

to make the same, which conveyance shall have like force and effect as if made by the person who agreed to convey."

*C. H. Cronin,* for the plaintiffs.

*J. E. Young,* for the defendant.

CROSBY, J.  The defendant's testatrix, Mary A. Christie, and the plaintiffs entered into a written agreement, by the terms of which the plaintiffs (who are husband and wife) were to provide a suitable maintenance and support for the testatrix in her home at number 100 Western Avenue in Cambridge, during her life; and in consideration of such maintenance and support so furnished, the testatrix was to pay the plaintiffs the sum of $300, and also was to make a will devising the premises numbered 100 Western Avenue, Cambridge, to them "in fee simple."  When this agreement was entered into, Mrs. Christie was a widow without children, about eighty-four years old, and was suffering from injuries received by reason of a fall; she died testate on August 31, 1913. The second clause of her will is as follows: "I give and devise to Elias Richardson and Helen M. Richardson, his wife, of said Cambridge, in fee simple, my house and land numbered 100 on Western Avenue in said Cambridge."

On the date when the agreement above referred to was made, the above described real estate was subject to a mortgage.  Upon this mortgage there was a balance due of $600, which amount still remains unpaid.  This suit is brought against the defendant, as executor of the will of Mrs. Christie, for the purpose of compelling him to pay the mortgage.  The case was heard by a judge of the Superior Court who made certain findings, including a finding that the plaintiffs did not know of the existence of the mortgage when they executed the agreement.

It is agreed that Mrs. Christie was cared for and supported by the plaintiffs until her death in accordance with the terms of the agreement.  The first question presented is: Are the plaintiffs entitled to the real estate discharged of the mortgage thereon?

It is plain that, in the absence of anything to show a contrary intention, the plaintiffs were entitled upon the performance of their part of the agreement, to have the real estate devised to them free from any incumbrances.  This conclusion results from the express terms of the contract or by necessary implication therefrom.  The agreement that the testatrix would make a will devising the prem-

ises to the plaintiffs means that they should receive title thereto free from incumbrances. She did not agree to devise her right, title and interest in the property, or any other interest less than the whole estate. She did not agree to devise to the plaintiffs merely an equity of redemption, nor can such an intention be inferred. *Swan* v. *Drury*, 22 Pick. 485. *Mead* v. *Fox*, 6 Cush. 199. *Callaghan* v. *O'Brien*, 136 Mass. 378. *Linton* v. *Allen*, 147 Mass. 231. *Smith* v. *Greene*, 197 Mass. 16.

That the plaintiffs are entitled to the real estate free from the mortgage, is obvious independently of the provision that the devise is to be "in fee simple." The words "fee simple" relate to the quantity or extent of the interest in land: it is the largest estate and greatest interest that can be enjoyed in land. A fee simple is an absolute estate of inheritance.

The only question remaining is whether this suit, having been commenced within one year after the defendant gave bond for the performance of his trust, was prematurely brought. R. L. c. 141, § 1. St. 1914, c. 699, § 1.

It is the contention of the plaintiffs that they are entitled to maintain the bill under R. L. c. 148, § 1; that they are not creditors of the deceased, and that the recovery which they seek would not be affected by the insolvency of the estate. We are unable to agree with this contention.

The second prayer of the bill is "that the defendant as executor of the will of Mary A. Christie be ordered to pay off and discharge said mortgage given by Mary A. Christie to the Cambridgeport Savings Bank."

The suit is against the executor as the representative of the estate of the testatrix. What the plaintiffs seek is exoneration from the amount due upon the mortgage that they may hold the real estate relieved from the incumbrance; in order that this may be accomplished, the amount due will have to be paid out of the estate, thereby depreciating it accordingly. Manifestly such a demand would be affected by the insolvency of the estate, and it cannot be doubted that the plaintiffs are creditors within the meaning of the statute. It follows that the suit was prematurely brought, and must be dismissed. *National Bank of Troy* v. *Stanton*, 116 Mass. 435. *Jenkins* v. *Wood*, 134 Mass. 115.

· The cross bill cannot be maintained, as it appears that the

amount of debts paid by the executor is less than the amount paid by the plaintiffs as interest on the mortgage.

The rulings made by the judge of the Superior Court were correct. In accordance with the terms of the report, a decree is to be entered dismissing the bill and cross bill both without costs and without prejudice.

*Ordered accordingly.*