JOSIAH F. LANE, executor, *vs.* ELIAS RICHARDSON & another.
ELIAS RICHARDSON & another *vs.* JOSIAH F. LANE, executor.

Middlesex.   October 24, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* In performance of contract. *Tax,* On successions and inheritances, Collection. *Executor and Administrator. Probate Court,* Petition for leave to sell real estate to pay inheritance tax.

Where real estate was given by will in accordance with a contract in writing between the devisee and the testator, the devisee must pay an inheritance tax assessed thereon if neither the contract nor the will contains a provision relieving him from such payment.

Payment by the executor of a will of an inheritance tax assessed upon a devise of certain real estate is not a condition precedent to the maintenance by the executor, when the devisee refuses to pay the tax, of a petition under St. 1909, c. 490, Part IV, § 12, for leave to sell the real estate for payment of the tax.

A petition by an executor of a will under St. 1909, c. 490, Part IV, § 12, for leave to sell certain real estate of the testator for the payment of an inheritance tax assessed thereon, which the devisee refuses to pay, need not meet all the requirements of a petition by an executor or administrator for leave to sell real estate of a deceased person for the payment of his debts.

Such a petition under St. 1909, c. 490, Part IV, § 12, is sufficient if it alleges the death of the testator, the devise of the real estate, a description of the real estate by metes and bounds, that the inheritance tax is due thereon, that the devisee had taken possession of the premises and that he refused to pay the tax, and contains a prayer that the executor be authorized to sell the real estate for payment of the tax and interest.

While, under § 21 of the statute above described, the Treasurer and Receiver General might be made a party to such a petition, failure to join him as such is not reversible error if he has not sought to be made a party.

APPEAL by Elias Richardson and Helen M. Richardson, his wife, from a decree of the Probate Court granting a petition of the executor of the will of Mary A. Christie, late of Cambridge, for leave under St. 1909, c. 490, Part IV, § 12, to sell real estate in Cambridge numbered 100 Western Avenue, which the testatrix had devised to the appellants in accordance with an agreement in writing previously made with them, for the payment of an inheritance tax of $160 assessed thereon, the devisees having refused to pay the tax; also an

APPEAL by the same appellants from a decree of the Probate Court dismissing a petition by them seeking to enjoin the executor from prosecuting the petition above described and to compel him to pay the inheritance tax.

The allegations in the petition in the first case set out the death of the testatrix, the devise to the appellants, a description of the real estate by metes and bounds, that the inheritance tax was due thereon, that the appellants had taken possession thereof and that they refused to pay the tax. The prayer of the petition was that the executor be authorized to sell the real estate for payment of the tax and interest.

The following objections to the decrees were alike in both cases:

"1. That said decree is against the law.

"2. That said decree is against the evidence.

"3. That said decree is against the law and the evidence."

In the first case the appellants also alleged the following as objections to the decree:

"4. That the Treasurer and Receiver General is a necessary party to these proceedings and he has not been made a party nor served with process.

"5. That the petition and decree are not in accordance with the provisions of law established for the sale of real estate under authority of the Probate Court.

"6. That it does not appear that said Josiah F. Lane has paid any inheritance tax on account of the premises 100 Western Avenue, Cambridge, described in the petition, and he is not entitled to reimbursement.

"7. That no inheritance tax is due to the Commonwealth from the premises 100 Western Avenue, Cambridge, described in the petition."

The material facts, which were agreed upon, are described in the opinion. The appeals came on to be heard before *Braley*, J., who reserved them upon the pleadings and the agreed statement of facts for determination by the full court.

The cases were submitted on briefs.

*C. H. Cronin*, for the appellants.

*J. E. Young*, for the executor.

DE COURCY, J. By a contract in writing, Elias Richardson and Helen M. Richardson, his wife, agreed to provide suitable maintenance for Mary A. Christie during her life and she agreed in consideration thereof to pay them $300 in cash and to make a will devising her house to them "in fee simple." She paid them the money and made a will containing such a devise. After the death of Mrs. Christie the Richardsons brought a bill in equity against Josiah F. Lane, executor of her will, to compel him to pay off a mortgage, to which the property was subject and on which $600 was unpaid. It was decided by this court that the Richardsons were entitled to the real estate free from the mortgage thereon. *Richardson* v. *Lane,* 226 Mass. 224.

The tax commissioner of the Commonwealth has assessed an inheritance tax of $160 on the devised property, and this amount with interest thereon still remains unpaid. The executor petitioned the Probate Court for authority to sell said real estate for the payment of the tax. On the other hand the Richardsons brought a petition to compel the executor to pay the inheritance tax out of the assets of Mrs. Christie's estate. The two cases were tried in the Probate Court; on appeal they came before a single justice of this court on an agreed statement of facts and by him were reserved for the determination of the full court.

For the reasons stated in the similar case of *Clarke* v. *Treasurer & Receiver General,* 226 Mass. 301, it is plain that the property passed to the Richardsons by reason of the will, and that the devise is subject to an inheritance tax under St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, § 1. The question, whether the tax should be paid by the Richardsons or by the estate of Mrs. Christie, may be answered by what was said in the Clarke case:

"If it had been the intention of the parties that the estate and not the legatee [devisee] should pay the excise tax, that should have been made a condition of the contract and a provision of the will." Although the Richardsons were entitled to the property free from the mortgage with which Mrs. Christie had encumbered it, we find nothing in the language of the will indicating that her estate was to assume the inheritance tax, which was in no sense an incumbrance created by her.

These two questions, — whether an inheritance tax is payable, and by whom, — are the only ones involved in the case of *Richardson* v. *Lane*. The additional questions raised by the Richardsons in the suit brought against them by the executor may be disposed of briefly. The fact that the executor has not paid the tax is not conclusive of the right to maintain his petition. Ordinarily the Treasurer and Receiver General looks primarily to executors, administrators or trustees for the payment of legacy and succession taxes. St. 1909, c. 490, Part IV, §§ 4, 9, 10, as amended. But here the property is held by the devisees, not by the executor. It is expressly provided by § 9: "An executor or administrator shall collect taxes due upon land which is subject to tax under the provisions hereof from the heirs or devisees entitled thereto, and he may be authorized to sell said land, according to the provisions of section twelve, if they refuse or neglect to pay said tax." Said § 12 reads: "The Probate Court may authorize executors, administrators and trustees to sell the real estate of a decedent for the payment of said tax in the same manner as it may authorize them to sell real estate for the payment of debts." It seems to us that the petition of the executor was sufficient in form. The statute does not require that the proceedings should be identical in all respects with those required in selling real estate for the payment of debts. Many of the particulars essential to a sale for debts are plainly inapplicable here; such as statements with reference to the insufficiency of personal property in the estate, and the necessity of selling the whole property where a partial sale would injure the residue. Finally, while the Treasurer and Receiver General might have been made a party (see § 21), he has not sought to intervene, and we find no reversible error in the failure to join him as a party. The assessment of the tax commissioner has been made (under § 19), and the time for appeal therefrom has expired. The Common-

wealth presumably is content to look to its lien on the property under § 4 or to the personal liability of the executor under § 21.

In each of the cases the decree of the Probate Court must be affirmed; and it is

*So ordered.*