JOHN F. LEONARD *vs.* PERLEY J. WHEELER & another.

Franklin. September 21, 1927. — October 17, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Power. Deed,* Construction. *Contract,* Implied. *Practice, Civil,* Ordering verdict.

A voluntary settlement not containing a reservation of a power to revoke, when fully executed, cannot be revoked if it is made without fraud, mistake, or mental unsoundness.

Under a deed of real estate, duly recorded, by a mother conveying premises to her daughter to "have and enjoy . . . so long as she may live with privilege of sale, if need be, and appropriation of the proceeds of said sale to herself absolutely," with a remainder to a town in trust in "the event said above described premises are not disposed of during the lifetime of said grantee, as above provided," the town receives the fee on the death of the daughter unless in her lifetime she has exercised the

power of "sale" which was hers "if need be"; a deed by her to her mother "as a gift" and "without consideration" conveyed no title.

If one, claiming to be the owner of real estate, agrees in writing to convey "a good and clear title to the same, free from all incumbrances" "by a good and sufficient warranty deed" on a certain date and receives from the prospective purchaser a deposit of money, but does not make such conveyance on the day set because he has no title to convey, the prospective purchaser may recover the amount of the deposit as money had and received to his use.

Where the material facts at a trial are not in dispute and as a matter of law entitle the plaintiff to a verdict, it is proper to order a verdict in his favor.

CONTRACT, with a declaration in three counts, the first count for $1,000, "money had and received by the defendants to the plaintiff's use"; the second count for $1,000, upon an account annexed for "cash delivered to defendants"; and the third count reciting the contract in writing, described in the opinion, whereby the defendants agreed to convey certain premises to the plaintiff by a good and sufficient warranty deed on or before May 1, 1922, that the defendants did not own the premises and could not and did not convey, and that therefore the defendants owed the plaintiff $1,000, paid them by the plaintiff, as money had and received by the defendants to the plaintiff's use. Writ dated August 12, 1925.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence is stated in the opinion. The defendants moved for a verdict in their favor, and also asked for the following rulings:

"1. That on May 1, 1922, the final date on which the agreement between the plaintiff and defendants could be performed, the defendants had a good and the absolute title to the premises covered by the aforesaid agreement and known as the Wheeler Mansion.

"2. As a matter of law under the evidence the plaintiff cannot recover upon count 1.

"3. As a matter of law under the evidence the plaintiff cannot recover upon count 2.

"4. The third count of the plaintiff's declaration is insufficient in law and the plaintiff cannot recover under it."

The defendants' motion was denied, and their requests for rulings were refused. By order of the judge, the jury found

for the plaintiff in the sum of $1,075.    The defendants alleged exceptions.

*J. T. Bartlett,* (*P. H. Ball* with him,) for the defendants.

*W. A. Davenport,* (*W. L. Davenport* with him,) for the plaintiff.

CARROLL, J.    This is an action of contract to recover $1,000, deposited with the defendants under a written contract of sale of certain real estate.    The contract provided that the defendants were to sell and the plaintiff to purchase the real estate, to be conveyed "by a good and sufficient warranty deed" of the defendants "conveying a good and clear title to the same, free from all incumbrances"; that the premises were to be conveyed on or before May 1, 1922; and that the purchase price was to be $12,040.    It was agreed that the defendants received under the contract a deposit of $1,000.

Prior to December 3, 1915, the real estate in question was owned by Almira E. Thompson, who died in December, 1920. The defendants are her residuary devisees, and the real estate owned by her passed to them by her will, which was duly admitted to probate.    Marion L. Swan, who died October 23, 1920, was the daughter of Almira E. Thompson.    On December 3, 1915, Mrs. Thompson conveyed the premises to Marion L. Swan, to "have and enjoy . . . so long as she may live with privilege of sale, if need be, and appropriation of the proceeds of said sale to herself absolutely . . . . In the event said above described premises are not disposed of during the lifetime of said grantee, as above provided, the remainder is to vest absolutely in the Town of Orange . . . in trust, however, to provide and maintain a home . . . for the needy and worthy aged and infirm."    This deed was recorded January 22, 1916.    On February 17, 1916, Mrs. Thompson again conveyed the real estate to Marion L. Swan, by deed recorded April 6, 1916, giving to her a life estate: "To have and to hold the granted premises, with all the privileges and appurtenances thereto belonging to the said Marion L. Swan for and during the term of her natural life."    On February 28, 1916, by deed recorded March 2, 1916, Marion L. Swan conveyed the premises to Mrs. Thomp-

son, the deed stating: "This conveyance is made as a gift and is without consideration."

The plaintiff called the defendant Percy G. Wheeler who testified he made no deed of the real estate on or before May 1, 1922, to the plaintiff. In the Superior Court a verdict was directed for the plaintiff. The case is before us on the defendants' exceptions.

Under the deed of December 3, 1915, from Mrs. Thompson to her daughter, the grantee took a life estate with the power of sale "if need be." On her death the premises were to belong to the town of Orange. Marion L. Swan could convey the premises only in case of need. She had no power under the deed to make a gift of the premises, and as her deed to her mother was a gift, it was not according to the terms of the power and the town of Orange on the death of Marion L. Swan became the owner. *Chase* v. *Ladd*, 153 Mass. 126. See *Ladd* v. *Chase*, 155 Mass. 417, 422; *Merchants Trust Co.* v. *Russell*, 260 Mass. 162, 164. The grantor reserved to herself no power of revocation in this deed of December 3, 1915. A voluntary settlement, without reservation of the power to revoke, when fully executed, cannot be revoked if it is made without fraud, mistake, or mental unsoundness. *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, 577, and cases cited.

When the contract between the plaintiff and defendants was executed, as well as at the time fixed for performance, the defendants were not the owners of the real estate and could not convey it with "a good and clear title . . . free from all incumbrances." The town of Orange had the fee. As the defendants could not perform, the plaintiff could recover the deposit on a count for money had and received. *Burk* v. *Schreiber*, 183 Mass. 35. *Chatalian* v. *Di Fusco*, 244 Mass. 513. The plaintiff was not obliged to tender performance. The defendants could not carry out the contract and the plaintiff had the right to rescind. *Burk* v. *Schreiber, supra.* In *Smith* v. *Greene*, 197 Mass. 16, and similar cases relied on by the defendants, there was nothing to show that the owner of the land would not have been ready to perform when the time of performance arrived.

There was no error in refusing the defendants' requests. As there was no issue of fact for the consideration of the jury, the trial judge properly directed a verdict for the plaintiff. *Winsor* v. *Ulin,* 223 Mass. 282, 284.   We discover no error in the conduct of the trial.   *Burk* v. *Schreiber, supra.   Katzeff* v. *Goldman,* 248 Mass. 365.

*Exceptions overruled.*