ALFRED A. MARCUS & another *vs.* MARY A. CLARK
& others.

Suffolk.   March 1, 1904. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Performance and breach, Implied.  *Waiver.   Evidence.   Assignment.*

In an action for an alleged breach of a contract in writing to convey certain land to the plaintiff, it appeared, that the contract called for a conveyance free from incumbrances, and that the defendant before making the contract had imposed certain restrictions on his land, but it also appeared, that the plaintiff knew of these restrictions when the contract was made and was satisfied to take a conveyance subject to them and expected to do so, and did not raise the objection of the restrictions until the time for performance had expired without the plaintiff having the purchase money ready.  *Held,* that it could be found that the plaintiff had waived any objection to the title based on the restrictions, and that to recover he must prove that the defendant wrongfully had refused to convey the land subject to the restrictions.

In an action for an alleged breach of a contract in writing to convey certain land to the plaintiff, the defendant introduced evidence that the day after the time for the performance of the contract had expired the assignee of the plaintiff, for whose benefit the action was brought, stated to the defendant's attorney that "he had difficulty in getting the money" and asked for an extension of time. The plaintiff offered to show in rebuttal that the assignee's real purpose in asking for the extension was that he wished to ascertain whether he could handle the property with certain restrictions on it which he recently had found to exist. *Held,* that the evidence offered in rebuttal was inadmissible, a secret purpose of the plaintiff's assignee undisclosed to the defendant's attorney when he made the statement to him being immaterial.

In an action for an alleged breach of a contract in writing to convey certain land to the plaintiff, brought for the benefit of the plaintiff's assignee, the defendant can show that, when the defendant had no knowledge of the assignment, the nominal plaintiff requested an extension of the time of performance of the contract on the ground that he had not the purchase money ready, this being admissible against the assignee who had not notified the defendant of the assignment. So much the more is this so, where the assignor requesting the extension had an interest in the contract when the request was made.

In an action to recover damages for an alleged breach of a contract in writing to convey certain land to the plaintiff, if the plaintiff fails to prove a readiness to perform on his part, he cannot recover in that action a part payment he has made under the contract.

CONTRACT for alleged breach of an agreement in writing to convey to the plaintiffs certain land in that part of Boston called West Roxbury. Writ dated November 4, 1902.

In the Superior Court the case was tried before *Mason,* C. J., without a jury. The judge found for the defendants; and the plaintiffs alleged exceptions, raising the questions stated by the court.

The sixth ruling requested by the plaintiffs, which is mentioned in the opinion and held to have been refused rightly, was as follows: " If the court finds that the plaintiff was not bound under the agreement of August 28, 1902, to take a deed of said land subject to the restrictions contained in the agreement between the defendants and the city of Boston, and that the plaintiff was ready to perform his agreement if there had been no restrictions, then he could maintain this action against the defendants without making any further tender, or offer to perform on his part."

*F. T. Hammond,* ( *W. B. Orcutt* with him,) for the plaintiffs.

*J. J. Higgins,* for the defendants.

LORING, J. This is an action on a written contract for the purchase and sale of land, to recover damages suffered by the

purchaser from the sellers' failure to fulfil their part of the agreement. The contract called for a conveyance by the defendants free from incumbrances upon payment of $25,000 within sixty days from the date thereof. Five thousand dollars of the purchase money was paid by the assignment of a note immediately after the contract was signed. The contract was dated August 28, 1902, and was assigned by the plaintiffs to one Jennings on the day it was executed. The plaintiffs proved that on July 18, 1902, (a little more than a month before the contract here sued on was executed,) the defendants had entered into a covenant with the city of Boston by which they imposed restrictions on the land in question.

The judge who heard the case without a jury found as a fact that the plaintiffs had full knowledge of the restrictions when the contract was made, but that the fact " that the plaintiffs and their assignee, Jennings, had full knowledge of the restrictions at the time of the making of the agreement, and upon which the action is based, is not material to the construction of said agreement." The sixty days expired on October 27, 1902.

The plaintiffs have argued that inasmuch as the defendants by their prior covenant of July 18 had put it out of their power to perform the obligation which they assumed in their contract of August 28, it was not necessary for the plaintiffs to aver and prove that they were ready and willing to perform the agreement. But the judge has found as a fact that during the time when the plaintiffs were entitled to a conveyance on paying the balance of the purchase money, the plaintiffs were satisfied to take a conveyance subject to these restrictions as a full performance of the defendants' obligation to make a conveyance under the contract, and never expected to receive anything else; and that the objection by reason of the restrictions was an afterthought which was first put forward after the time for performance had expired. This is a finding that the objection based on these restrictions was waived, and that both parties to the contract were proceeding on the footing that it had been waived. The existence of the restrictions under this finding did not put the defendants in the wrong, and the plaintiffs, to maintain this action, had to prove that the defendants had wrongfully refused

to convey subject to the restrictions.   The sixth ruling requested was rightly refused.

The next exception argued by the plaintiffs is one to the exclusion of evidence.   The defendants introduced evidence tending to show that on the day after the time limited in the agreement had expired, Jennings came to the defendants' attorney and stated that " he had difficulty in getting the money," and asked for an extension of time.   The plaintiffs offered to show in rebuttal by Jennings that the real purpose for which he asked for an extension was that he " desired further time to see if he could handle this property with the restrictions on, which he had recently found to exist," which purpose was not disclosed to the defendants or their attorney.   It is immaterial what undisclosed and secret purpose Jennings may have had so long as he stated to the defendants' attorney that his reason for an extension was difficulty in raising money and this was the only reason stated by him.   This evidence was rightly excluded.

The next exception argued by the plaintiffs is to the ruling of the judge admitting evidence of " talks between the witness and the plaintiffs after the assignment was executed."   It appeared from the writ that this action was brought in the names of Alfred A. and Simeon Marcus " for the use and benefit " of Jennings the assignee.   The talks admitted were between one Schon, who as a real estate broker originally brought the land to the attention of the assignors, the nominal plaintiffs, and who was sent by them to one Page who acted as broker for the defendants in the sale covered by the contract sued on.   Schon was allowed to testify that " about the end of September or the beginning of October," Marcus asked him to get Mr. Page to give an extension because " I [Marcus] haven't got the money " ; that witness saw Page and the offer was refused ; that thereupon Marcus instructed the witness to offer Mr. Page $1,000 for an extension of time, to be forfeited as liquidated damages if the purchaser failed to perform his agreement ; that this was refused, and that subsequently Marcus said to him : " I guess I will drop it ; Mr. Page won't give an extension, and they cannot give any title and there are restrictions " ; that witness replied, " I told you that there were park restrictions all the time, especially before you went down to see Mr. Page " ; and

that " this conversation took place probably the middle of October." If the plaintiffs' assignee did not notify the defendants of the assignment, he was bound by the action of his assignors who were the original parties to the contract and the only parties known to the defendants. Any request for an extension made by the original parties to the contract under such circumstances is admissible against the assignee. The presiding judge may have admitted the evidence on this ground.

In addition to this Jennings had previously testified that " he knew that the Marcuses were having difficulty in raising the $20,000 required to complete the contract; that is why he went to Mr. Wyman [the defendants' attorney] to get an extension," and it appeared later from Jennings's testimony in rebuttal that the plaintiffs were to raise the balance of the purchase money for him and were to have all realized from a subsequent sale of the land over the purchase money paid and $8,000 owed to Jennings by the plaintiffs. It further appeared that Jennings left the whole matter of raising the money to the plaintiffs; that Jennings did not take any action in the matter until the last day within which the purchase money could be paid, and that all he did on that day was to make an appointment to meet the defendants' attorney on the next day.

This request for an extension made by a person interested in the contract when the request was made is admissible although the action is now brought for the exclusive use and benefit of the other party to the agreement. The plaintiffs were not injured by the admission of this evidence.

The plaintiffs have further argued that on the facts stated the defendants are not entitled to retain the note which was assigned to them as part payment of the purchase money, and that in any event the plaintiffs are entitled to recover the value of it on the principle of *Burk* v. *Schreiber*, 183 Mass. 35. But the case at bar is not a case like *Burk* v. *Schreiber*, where an action was brought to recover back a part payment on rescission of the contract under which it was made. No such claim was made in the court below. The pleadings go on the basis of affirming the contract and claiming damages on the ground that it was broken. The rulings asked for by the plaintiffs went on that basis.

*Exceptions overruled.*