STANLEY W. C. DOWNEY *vs.* HENRY H. LEVENSON.

Suffolk.    December 11, 1923. — January 4, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, In writing, For sale of real estate, Construction, Performance and
breach.  *Evidence*, Extrinsic affecting writing.  *Waiver.  Mistake.*

The owner of certain real estate made with a prospective purchaser a contract
in writing providing for a conveyance on or before a designated date
subject to a certain lease "which lease expires January 1, 1921," and
that, if the owner should be unable to give title or make conveyance as
stipulated, a deposit made by the prospective purchaser under the agree-
ment should be refunded.   The expiration date named in the lease referred
to was January 1, 1921, but the lease also contained a privilege of extension
for one year at the same rent.   The prospective purchaser, previous to the
execution of the agreement in writing for the sale of the property, examined
the title to the property and the lease was exhibited to him by the owner.
An assignee of the purchaser refused to accept a conveyance subject to the
lease because the lease contained the privilege of extension, and brought
an action for recovery of his deposit.   *Held*, that

(1) The facts, that the purchaser examined the title to the real estate
and had possession of and examined the lease before the contract in writing
was entered into, did not preclude the purchaser from maintaining the
action;

(2) The purchaser was not bound to accept a deed if the term of the
lease extended or might extend beyond and after January 1, 1921;

(3) The recital in the agreement was free from ambiguity and the plain-
tiff had a right to rely on the recital that the lease was for one year only;

(4) The fact, that the lease was shown to the purchaser previous to the
execution of the agreement for purchase, could not have been found to be a
waiver of his rights under the agreement;

(5) The fact, that the purchaser knew of the lease and of the privilege of
extension, had no effect to vary or control the provisions of the contract in
writing for the purchase of the real estate;

(6) There being nothing to show that the contract in writing was not
drawn in the form meant by the plaintiff or that it was intended that the
incumbrance of the lease was not to be limited to its original term, no evi-
dence appeared that would warrant a finding that there was a mutual mistake
of the parties;

(7) A finding for the plaintiff was warranted.

CONTRACT, by one to whom Harry G. Seligman had
assigned his rights under a contract in writing between him
and the defendant for the purchase by Seligman of certain

real estate, seeking the recovery of $2,000 paid by Seligman as a deposit preliminary to the conveyance in accordance with the provisions of the contract. Writ in the Municipal Court of the City of Boston dated November 16, 1920.

Material evidence at the two trials in the Municipal Court is described in the opinion.

At the close of the evidence at the first trial, the plaintiff asked for the following rulings:

" 1. The words in the agreement in suit ' lease to H. B. Hood Company, covering store premises numbered 144 Humboldt Avenue, which lease expires January 1, 1921 ' import plainly and unambiguously that the term of the lease to H. B. Hood Company did not extend beyond and after January 1, 1921.

" 2. Parol evidence is not admissible to show that the parties to the agreement in suit agreed or mutually understood that the term of said lease extended or might extend beyond and after January 1, 1921.

" 3. If the court shall rule that the words in the agreement in suit ' lease to H. B. Hood Company, covering store premises numbered 144 Humboldt Avenue, which lease expires January 1, 1921,' are ambiguous and that parol evidence is admissible to show that the parties to the agreement in suit agreed or mutually understood that the term of said lease extended or might extend beyond and after January 1, 1921, it appears on all the evidence that by the written agreement, construed in the light of the acts of the parties and the circumstances under which the acts of the parties and the circumstances under which the agreement was made, the defendant agreed thereby that the premises were to be conveyed subject to a lease to the Hood company expiring January 1, 1921, meaning that the defendant should cause the conditions to be such at the time of passing papers that this lease should not extend beyond January 1, 1921.

" 4. Under the terms of said agreement and the assignment thereof to the plaintiff, the plaintiff was not bound to accept a deed of the premises therein described if the term of said lease extended or might extend beyond and after January 1, 1921.

" 5. On all the evidence the plaintiff is entitled to recover."

The judge granted the first request but denied the others and found for the defendant. The Appellate Division, upon a report by the trial judge, ordered a new trial.

At the close of the evidence at the second trial, the defendant asked for the following rulings:

" 1. On all the evidence the plaintiff is not entitled to recover.

" 2. The fact that the lease to H. B. Hood Company contained a covenant for the renewal of that lease beyond January 1, 1921, is not a fact creating an incumbrance within the terms of the agreement in suit.

" 3. If during the time when the plaintiff or his assignor was entitled to a conveyance, he was satisfied to take a conveyance subject to the lease to H. B. Hood Company in the form in which it in fact was, and never expected to receive anything else, and the objection as to the covenant of renewal was an afterthought, which was put forward at the very last moment, then the plaintiff is not entitled to recover.

" 4. If the plaintiff's assignor was given actual possession of the lease to the Hood Company before the execution of the agreement of purchase and sale and it was the intent of the parties to refer to this lease in the agreement, then the plaintiff cannot recover.

" 5. If the plaintiff's assignor was at the time of the execution of the agreement of purchase and sale and during the negotiations therefor an attorney at law practising in Boston, and if he had made a careful examination of the title to the property referred to in the said agreement and had possession of the original lease to the Hood Company before the execution of the agreement of purchase and sale and expected at the time of the execution of said agreement to obtain a conveyance of the property subject to the lease in the form in which it then was, and the defendant intended to make conveyance in that manner, then the plaintiff cannot recover.

" 6. If the plaintiff's assignor was an attorney at law who drafted the agreement of purchase and sale after an examination of the title to the property and an inspection of the lease

to the Hood Company and knew of the covenant for renewal at the time of executing the agreement of purchase and sale, and it was the intention of the defendant that the property should be conveyed subject to the said lease and to all the terms thereof, then the plaintiff cannot recover.

" 7. If the parties to the agreement intended to provide that the extension of the lease to the Hood Company was not to constitute an incumbrance excusing the purchaser from the obligation to take the title and used language which each party understood to have this meaning, and because of mutual mistake as to the effect of this language, the option in the Hood lease was not referred to by such language; and if the defendant was ready, willing and able to make conveyance in accordance with the terms of the agreement except as to this option, and the plaintiff insisted that the option be removed and declined to take the title unless it was removed, then the plaintiff is not entitled to recover.

" 8. The defendant may rely in this action on a mutual mistake as to the meanings of the words used in the agreement if the mistake is such that a court of equity would, in a proceeding brought to reform the contract because of mutual mistake, have absolutely and unconditionally relieved the defendant against the plaintiff's claim.

" 9. The decision of the Appellate Division ordering a new trial herein is wrong. On the record herein of the proceedings had prior to the commencement of the present trial, including the findings and rulings of . . . [the trial judge] and the report made by him to the Appellate Division, there should be a finding for the defendant."

The judge denied all the foregoing requests and found for the plaintiff in the sum of $2,000 and made a further finding in the language described in the opinion. A report by the judge to the Appellate Division was ordered dismissed.

The defendant appealed from both of the orders made by the Appellate Division.

*J. J. Kaplan,* for the defendant.

*S. Sigilman,* for the plaintiff, submitted a brief.

CROSBY, J. This is an action by the vendee, under a written contract for the purchase and sale of real estate, to recover $2,000 paid as a deposit, on the ground that the

vendor was unable to give a good title in accordance with the terms of the agreement. The record shows that the action was tried twice in the Municipal Court of the City of Boston. At the first trial there was a finding for the defendant. Upon report the Appellate Division ordered a new trial, and the defendant appealed. At the second trial before another judge of the court, he filed a report and found for the plaintiff. Thereafter the Appellate Division dismissed the report and the defendant appealed. The questions before us are (1) whether the Appellate Division rightly ordered a new trial after a finding for the defendant at the first trial, and (2) whether there was any error at the second trial.

Under the agreement one Seligman was named as the purchaser; he afterwards assigned his interest therein to the plaintiff. The contract, dated June 29, 1920, provided among other things that the conveyance of the real estate was to be made on or before September 1, 1920, subject among other incumbrances to a lease to H. B. Hood Company of a store on the premises " which lease expires January 1, 1921." The agreement further provided that " If the party of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof." The deposit having been made as stipulated, the plaintiff declined to accept a deed of the property, and brought this action to recover the deposit because the term of the lease above referred to contained a privilege for the extension thereof of one more year; it was not claimed that there was any defect in the title other than the renewal privilege in the lease above referred to.

At the first trial the judge made the following finding: " I find as a fact that the lease herein referred to expired January 1, 1921, but contained the privilege of extension of one year at the same rate; and that this lease was exhibited by the defendant to the plaintiff's assignor prior to the

execution of the agreement for the sale of the property upon an alleged breach of which the present suit is based." The judge gave the plaintiff's first request, which was in effect that the words in the agreement import " plainly and unambiguously that the term of the lease to H. B. Hood Company did not extend beyond and after January 1, 1921." The plaintiff's other requests were denied. Any previous talk between the parties was merged in the written contract as finally executed, and the finding of fact above recited makes it plain that there was a breach of it on the part of the defendant. The circumstances that Seligman, the plaintiff's assignor, examined the title before executing the agreement, and that he had possession of and examined the lease before the contract was entered into do not preclude the plaintiff from maintaining this action.

The plaintiff's fourth request for a ruling that " Under the terms of said agreement and the assignment thereof to the plaintiff, the plaintiff was not bound to accept a deed of the premises therein described if the term of said lease extended or might extend beyond and after January 1, 1921," should have been given.

It cannot be doubted that parol evidence is admissible to establish waiver or mistake, *Leathe* v. *Bullard,* 8 Gray, 545, but there was no evidence before the trial judge sufficient to warrant a finding that the plaintiff or his assignor waived the provision in question in the Hood lease, or that there was any mutual mistake with reference thereto. The recital in the agreement that the lease was to expire January 1, 1921, is explicit and free from ambiguity, and the judge so ruled; it cannot be construed as referring to the original term alone. The plaintiff had a right to reply on the recital that it was for one year only; and as the lessee had the privilege of its extension for another year, it was an additional incumbrance on the property and could have been found to affect the value of the estate although the tenant might not exercise its option.

The fact that the lease was shown to the plaintiff's assignor by the defendant prior to the execution of the agreement could not properly have been found to be a waiver

of the plaintiff's rights under the agreement. *Jarvis* v. *Buttrick*, 1 Met. 480. The plaintiff had a right to rely upon the terms of the agreement which could not be varied or controlled by parol evidence. The circumstances that the plaintiff's assignor knew before the agreement was executed of the additional incumbrance, due to the fact that the lessee had the privilege of an extension, by itself, did not authorize the admission of evidence of such knowledge, as its effect would be to vary and control the terms of the written instrument. *Spurr* v. *Andrew*, 6 Allen, 420, 422. *Flynn* v. *Bourneuf*, 143 Mass. 277.

If one enters into a written agreement for the purchase of real estate from another, free from incumbrances, and knows before he makes the agreement that the estate is subject to a mortgage, lease, attachment or other incumbrance, such knowledge does not affect his right to a conveyance in accordance with the agreement as the seller may cause the incumbrance to be removed before the time expires for the carrying out of the contract.

The case of *Marcus* v. *Clark*, 185 Mass. 409, cited by the defendant, is distinguishable in its facts from those in the case at bar. In that case it appeared that the plaintiff not only knew of the incumbrances when the contract was made, but was satisfied to take a conveyance subject to them, and expected to do so, and did not raise any objection thereto until the time for performance had expired, and was unable to pay the purchase price at the time agreed upon; in these circumstances it was held that the plaintiff's right to rely on the existence of the incumbrances as a breach of the contract could be found to have been waived. The decision in *Brewer* v. *Winchester*, 2 Allen, 389, has no application to the facts in the present case.

There was no evidence which would have warranted a finding that there was a mutual mistake of the parties. The judge found, and the defendant contends, that the plaintiff's assignor knew of the provisions of the lease, and there is nothing to show that the agreement was not drawn in the form meant by the parties or that it was intended that the incumbrance of the lease was not to be limited to its original

term. It follows that the decision in *Goode* v. *Riley*, 153 Mass. 585, is inapplicable to the evidence in the case at bar. The incumbrance of the privilege for an extension of the lease was as matter of law sufficient to entitle the plaintiff to refuse performance. Upon the subsidiary findings and rulings by the judge at the first trial the plaintiff was entitled to recover.

The action of the Appellate Division in ordering a new trial was not error, and the defendant's motion that the court direct a finding in his favor could not properly have been allowed.

We now proceed to consider whether there was any error at the second trial. At that trial certain requests for rulings presented by the defendant were denied and a finding was made for the plaintiff. The judge also made the following finding of fact: " I find that neither the plaintiff nor his assignor knew of the option to extend the lease another year till after the execution of the agreement for sale; that the plaintiff was ready, able and willing to perform his part of the contract on September 1, and that the defendant, through his attorney Michelman, before and on said first day of September and thereafter refused to give a deed as called for in the agreement, thereby relieving the plaintiff from any obligation to make a technical tender of money. I also find that there was no ' mistake ' on the part of either party to the agreement."

The defendant's first request that on the evidence the plaintiff was not entitled to recover was rightly denied. The evidence was conflicting and the judge could not properly rule as requested. The second and ninth requests were properly refused as they were erroneous in law. The third, fourth, fifth, sixth, seventh and eighth were rightly denied as the findings of the judge are contrary to the facts assumed in the requests.

As no error of law appears, the final order dismissing the report must be affirmed.

*So ordered.*