MORRIS KATZEFF *vs.* SAMUEL GOLDMAN & another.

Suffolk.    March 11, 1924. — March 13, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Pleading, Civil,* Declaration. *Practice, Civil,* Election between counts, Requests and rulings. *Contract,* Implied.

A declaration in an action of contract in a municipal court contained two counts. In the first count, the plaintiff alleged an agreement for the purchase by him and the sale by the defendant of certain real estate, the payment by him of $500 on account, his ability, willingness and readiness to carry out the contract, and the refusal by the defendant

to do so or to return to him the deposit. In the second count a claim was set up for the amount of the deposit as money had and received by the defendant to the use of the plaintiff. The judge found for the plaintiff. *Held,* that

(1) On the pleadings, the plaintiff was entitled to recover upon proof either of the breach of the contract by the defendant or of the facts showing that the defendant had in his possession money of the plaintiff which in equity and good conscience he ought to return;

(2) The joinder of the counts was not an election by the plaintiff to rely solely upon the breach of the contract, but was an assertion of a right to recovery if the evidence supported the allegations of either count;

(3) The count for money had and received was an appropriate form of a pleading on which to recover the amount deposited by the plaintiff with the defendant on account of the sale, provided the proof showed that the contract was rescinded and that the parties had agreed that the money be returned to the plaintiff.

At the trial of the action above described, the plaintiff was not asked nor required to make an election between the counts. *Held,* that there was nothing in the record which confined the plaintiff to his first count or to recovery on the theory of continued affirmation of the original contract.

At the trial of the action above described, there was evidence tending to show that, after an examiner of titles had pointed out some possible defects in the title to the real estate, the parties agreed that the agreement be rescinded and that the deposit be returned to the plaintiff. *Held,* that the evidence was sufficient to support a finding for the plaintiff upon the second count of the declaration.

At the trial of the action above described, requests by the defendant for rulings, based on the theory that recovery must be confined in substance to recovery on the first count of the declaration, properly were refused.

CONTRACT for $500, the amount of a deposit made by the plaintiff under an agreement for the purchase of real estate. Writ in the Municipal Court of the City of Boston dated October 24, 1922.

Material rulings and findings by the trial judge in the Municipal Court are described in the opinion. The judge found for the plaintiff and at the request of the defendant reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*W. J. Patron,* (*S. H. Goldinger* with him,) for the defendants.

*B. N. Vernon,* (*M. Katzeff* with him,) for the plaintiff.

RUGG, C.J. This is an action to recover a deposit of $500, made by the plaintiff under an agreement by him to

purchase and by the defendants to sell certain real estate. There were two counts in the plaintiff's declaration. The first alleged an agreement as to purchase and sale of the real estate, the plaintiff's payment to the defendants of the sum of $500 on account, the plaintiff's ability, readiness and willingness to carry out his part of the contract and the refusal by the defendants to carry out their part of the contract, and their refusal to return to him on demand the money paid them on account. The second count was for $500, money had and received by the defendants to the use of the plaintiff.

The plaintiff was entitled on these pleadings to recover upon proof either of the breach of the contract by the defendants or of facts showing that the defendants had in their possession money of his which in equity and good conscience they ought to return to him. The joinder of these counts was no election by the plaintiff to rely solely upon the breach of the contract. It was, on the contrary, an assertion of a right to recover if the evidence supported the allegations of either count.

The count for money had and received was an appropriate form of pleading on which to recover the $500 deposited by the plaintiff with the defendants on account of the sale, provided the proof showed that the contract was rescinded and the parties agreed that the money be returned to the plaintiff. *Holbrook* v. *Dow*, 1 Allen, 397. *Fish* v. *Gates*, 133 Mass. 441.

No question of election between these two counts is presented on this record. The plaintiff was not asked or required to make such an election. The case was tried throughout on both counts. The circumstance that the second count was added at the beginning of the trial did not narrow the plaintiff's rights under it. There is nothing in the record which confined the plaintiff to his first count or to recovery on the theory of continued affirmation of the original contract.

There was evidence tending to show that, after an examiner of titles had pointed out some possible defects in the title to the real estate, the parties agreed that the agreement be

rescinded and that the deposit be returned to the plaintiff. This evidence was sufficient to support a finding for the plaintiff upon the second count of the declaration. *Burk* v. *Schreiber*, 183 Mass. 35. The case of *Marcus* v. *Clark*, 185 Mass. 409, has no relevancy to the questions presented on this record.

In view of this evidence, the several requests by the defendants for rulings of law were denied rightly. They all appear to be based on the theory that recovery must be confined in substance to recovery upon the first count of the declaration. The second count in the declaration, as well as the credibility and weight of the evidence tending to support its allegations, was wholly ignored in the requests.

So far as any of the requests involved findings of facts, their denial involves no question of law. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 494, 495.

The trial judge found as a fact that the parties " mutually agreed to call off the agreement." There was evidence to support this finding. It must stand. No error is disclosed on the record.

*Order dismissing report affirmed.*