ISABEL A. QUEENIN *vs.* GRACE B. BLANK & another.

Middlesex.    May 14, 1929. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Construction, Modification, For the sale of real estate. *Evidence*, Extrinsic affecting writing. *Waiver*. *Words*, "Marketable title."

A report by a judge of the Superior Court of an action of contract for return to the plaintiff of a deposit made by him under the provisions of a contract in writing, by the provisions of which he was to purchase of the defendant certain real estate and the defendant was to give him "an administrator's deed and convey a marketable title," stated that no question of pleading was raised at the trial or intended to be raised by the report. No contention was made that by reason of any mutual mistake the understanding of the parties was not embodied in the contract. It appeared that at the trial the judge, subject to exceptions by the plaintiff, admitted evidence of conversations between the parties and their agents tending to show that at the time the agreement for purchase was made it was understood between the parties that the premises were subject to a certain right of way, refused to rule that the existence of the right of way rendered the title unmarketable and that the plaintiff was under no obligation

to accept a title subject to the right of way, and left to the jury the question, "Was it understood between both parties to the agreement that what the plaintiff agreed to buy and the defendant agreed to sell was the buildings and land subject to" the right of way in question, which was answered "Yes." *Held*, that

(1) It was error to admit the evidence of the conversations preceding the making of the contract to vary its express provisions;

(2) .The agreement in writing to "convey a marketable title" was an agreement to convey a title free from encumbrances beyond reasonable doubt;

(3) The circumstance, that the right of way was a visible servitude known to the plaintiff when the contract was made, did not require that it be read into the contract as an exception to the agreement to convey a marketable title;

(4) Since the conversations occurred before the contract was made, they were not evidence of waiver or of modification of its provisions, and were not admissible on that ground;

(5) The question submitted to the jury was wholly immaterial on the issue between the plaintiff and the defendant, and it was error to submit it.

CONTRACT. Writ dated February 1, 1926. In the Superior Court the action was tried before *F. T. Hammond*, J. Material evidence, rulings by the trial judge and proceedings at the trial are stated in the opinion. The judge reported the action for determination by this court.

*A. M. McDonough*, for the plaintiff.

*E. B. Cook*, for the defendants.

FIELD, J. This is an action of contract to recover $500, paid as a deposit by the plaintiff to the defendants in accordance with a contract to purchase certain real estate in Winchester. It was tried by a judge of the Superior Court and a jury.

The evidence tended to show the following facts: By a written contract executed April 28, 1925, the plaintiff agreed to buy and the defendants to sell a parcel of land in Winchester containing eleven thousand one hundred forty square feet with a house and a garage thereon, the "seller to give an administrator's deed and convey a marketable title." Papers were to be passed on or before June 1, 1925. In accordance with the terms of the contract a deposit of $500 was paid to the defendants by the plaintiff. On the easterly side of the premises a driveway having an area of one thousand six hundred thirty square feet was subject to a right

of way appurtenant to an adjoining lot, the "Donahue lot," and continued to be subject thereto until after the time fixed by the contract for conveyance. The plaintiff was ready, able and willing to take title to the premises and to pay the balance of the purchase price therefor provided they were conveyed free from this right of way, but not otherwise. Demand for the return of the deposit was made by the plaintiff on June 12, 1925.

The defendants, over the objection of the plaintiff, introduced evidence of conversations between the parties and their agents tending to show that at the time the agreement for purchase was made it was understood between the parties that the premises were subject to the right of way in question. The plaintiff made the following requests for rulings, which were denied: "4. The existence of the right of way rendered the title unmarketable." "12. The plaintiff was under no obligation to accept a title subject to the right of way." The trial judge left the following question to the jury: "Was it understood between both parties to the agreement that what the plaintiff agreed to buy and the defendant agreed to sell was the buildings and land subject to a right of way in favor of the Donahue lot?" The plaintiff duly excepted to the admission of the evidence objected to and to the denial of her requests for rulings and instructions. After the charge she saved an exception to the submission to the jury of "any evidence of conversations between the parties or their agents preceding the date of the contract." To the question the jury answered "Yes." No general verdict was taken. The trial judge reported the case "on plaintiff's exceptions and the answer of the jury upon the stipulation of the parties that if the court was wrong in leaving to the jury the question aforesaid judgment should be entered for the plaintiff for $500 and interest. If the court was right in doing so then judgment should be entered for the defendant."

The report states that "No question of pleading . . . was raised at the trial" or "is intended to be raised by this report." Compare *Katzeff* v. *Goldman*, 248 Mass. 365.

The agreement of the parties was embodied in the written contract, and any understanding or agreement outside it,

made before or at the same time, was immaterial.   This contract cannot be varied by evidence in the form of conversations between the parties and their agents or otherwise, tending to show that the parties knew that the premises were subject to the right of way and understood that conveyance was to be made subject thereto, and a special finding of the jury to that effect stands no better.   The principle of substantive law known as the parol evidence rule forbids.   *Swan* v. *Drury*, 22 Pick. 485, 489.   *Downey* v. *Levenson*, 247 Mass. 358.   *Rubenstein* v. *Hershorn*, 259 Mass. 288.   *Cato* v. *Thompson*, 9 Q. B. D. 616.   See also *Harlow* v. *Thomas*, 15 Pick. 66; *Spurr* v. *Andrew*, 6 Allen, 420; *Flynn* v. *Bourneuf*, 143 Mass. 277; *Starks* v. *O'Hara*, 266 Mass. 310, 314. This rule was applied in *Rubenstein* v. *Hershorn, supra,* where the contract called for a title which was "good and clear" "free from all incumbrances" and there was a visible passageway over the property subject to a right of way, and the testimony as to the purchaser's knowledge of the existence of this passageway was excluded.   The passageway in that case (see page 295) and the driveway in this case clearly were encumbrances.   See *Wetherbee* v. *Bennett*, 2 Allen, 428; *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465, 468.   No exception to the rule was made in that case on the ground that the encumbrance, instead of affecting title only, visibly affected the physical condition of the property.   Though there is authority elsewhere for such an exception even in the case of a private easement, (see *Kutz* v. *McCune*, 22 Wis. 628; *Memmert* v. *McKeen*, 112 Penn. St. 315; Maupin, Marketable Titles (3d ed.) §§ 306, 127, and cases cited), it is not in accord with our decisions, (see *Harlow* v. *Thomas, supra;* see also *Kellogg* v. *Ingersoll*, 2 Mass. 97; *Eddy* v. *Chace*, 140 Mass. 471), and there is considerable authority in other jurisdictions against it or limiting the exception to easements which are public.   See *Hubbard* v. *Norton*, 10 Conn. 422; *Beach* v. *Miller*, 51 Ill. 206; *Quick* v. *Taylor*, 113 Ind. 540; *Flynn* v. *White Breast Coal & Mining Co.* 72 Iowa, 738; (compare *First Unitarian Society* v. *Citizens Savings & Trust Co.* 162 Iowa, 389); *Helton* v. *Asher*, 135 Ky. 751; *Huyck* v. *Andrews*, 113 N. Y. 81; *Fossume* v. *Requa*,

218 N. Y. 339; *Callanan* v. *Keenan,* 224 N. Y. 503, 508; *City of New York* v. *New York & South Brooklyn Ferry & Steam Transportation Co.* 231 N. Y. 18, 26; *Butler* v. *Gale,* 27 Vt. 739. The contract in the present case calls expressly for a "marketable title." This term arose in equity and means a title which equity requires a purchaser to take. Such a title is one which is free from reasonable doubt. *First African Methodist Episcopal Society* v. *Brown,* 147 Mass. 296, 298. *Conley* v. *Finn,* 171 Mass. 70. *Morse* v. *Stober,* 233 Mass. 223, 225, 226. *Rubenstein* v. *Hershorn, supra,* page 294. Hence it is a title which is free from encumbrances beyond reasonable doubt. See *Swan* v. *Drury,* 22 Pick. 485; *Linton* v. *Allen,* 147 Mass. 231, *S. C.* 154 Mass. 432; *Smith* v. *Greene,* 197 Mass. 16; *Richardson* v. *Lane,* 226 Mass. 224; *Wallach* v. *Riverside Bank,* 206 N. Y. 434. See also *Rubenstein* v. *Hershorn, supra; Cato* v. *Thompson, supra.* We see no adequate reason for reading into the assurance of freedom from encumbrances contained in an agreement to convey a "marketable title" an exception of visible servitudes affecting the physical condition of the property and known to the purchaser which would not be read into a contract which in specific terms calls for a title "free from all incumbrances." The defendants take no advantage from the doctrine that where a contract is silent as to the title which is to be shown by the vendor, that is, where it is an "open contract," a good title is implied, but the implication may be rebutted by parol evidence, though an express requirement of good title cannot be varied by such evidence. See *Newark Savings Institution* v. *Jones,* 10 Stew. (N. J.) 449; *In re Gloag & Miller's Contract,* 23 Ch. D. 320. This doctrine has never been approved in this jurisdiction. On the contrary it was held in a case involving a pecuniary encumbrance that the implications of an open contract cannot be varied by parol, and no distinction was suggested between such encumbrances and others. *Swan* v. *Drury, supra.* See *Wallach* v. *Riverside Bank, supra.* But even under this doctrine an agreement to give a "marketable title" is not an open contract. See *Cato* v. *Thompson, supra; In re Gloag & Miller's Contract, supra.*

Neither the finding nor the evidence which supports it tends to show "waiver" so called, meaning a modification of the defendants' obligation under the contract, for both speak as of a time prior to or contemporaneous with the making of the contract and not subsequent thereto. See *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449; *Downey* v. *Levenson, supra; Starks* v. *O'Hara*, 266 Mass. 310, at pages 313–315. The case, therefore, is to be distinguished from *Marcus* v. *Clark*, 185 Mass. 409, which turned on waiver. See *Downey* v. *Levenson, supra*, at page 364.

The defendants do not contend that by reason of any mutual mistake the understanding of the parties was not embodied in the contract.

Since the question submitted to the jury was wholly immaterial on the issue between the plaintiff and the defendants the judge was wrong in leaving it to them and, in accordance with the terms of the report, judgment must be entered for the plaintiff for $500 and interest.

*So ordered.*