Eno, J.
This is an action of contract to recover rent under a written lease, signed by the defendant and one Schacter, dated December 28, 1940. The term of the lease was for the period from January 1,1941 through December 31, 1941, at $100.00 per month.
The defendant’s' answer is as follows:
“Now comes the defendant in the above entitled action and for answer denies each and every allegation, item and particular in the plaintiff’s amended writ and amended declaration contained as fully as though each was separately set forth and separately denied.
And further answering the defendant says if he ever owed the plaintiff anything, he has paid it in full and now owes the plaintiff nothing.
The defendant further denies the trust as alleged and demands that same be proven at the trial of said action.
The defendant by special plea if the same be necessary states that the alleged lease upon which the plain *166 tiff declared was not properly executed nor was delivery of the same made as required by law.
The defendant states that prior to the time this alleged lease was signed by the trustee and during the term of the alleged lease the defendant and Jonas Schacter were enjoined by a decree of the Middlesex Superior 'Court from taking possession under this alleged lease; wherefore he ought not to be held on this alleged lease.
The defendant further states that during the term of the alleged lease or at least until August 31, 1941 the plaintiff had executed a lease to a third person who was in possession and as a condition precedent to recovery on alleged lease the plaintiff must be able to yield exclusive possession of the premises against all the world and even though this alleged lease contains a provision whereby the defendant was to take possession subject to the occupancy of the party then in possession. SUCH PROVISIONS SHOULD NOT BE ENFORCED AS IT IS AGAINST. PUBLIC POLICY.
The defendant further states the plaintiff acting through Max Shribman as an individual whose act was really for its benefit did elect to sue Jonas Schacter on this alleged lease, and did recover judgment against him on November 13, 1944 in the Superior Court in Salem, Massachusetts, Docket #72803 in the sum of Eleven hundred and eighty-five dollars and ninety cents ($1185.90) and Twelve dollars and eighty cents ($12.80) which judgment it is now seeking to satisfy by recourse to Supplementary Process in the Brook-line Municipal Court and that therefore it cannot hold the defendant.
The defendant says that recovery had against Schaeter was upon the alleged lease and since said Alleged lease became merged in said judgment, the plaintiff cannot recover in this action. The defendant further states that at the time of the signing of the alleged lease that typewritten portion now quoted “And the Lessees further agree to accept the within lease subject to the occupancy of the said premises by any persons', firms or corporations, and to secure possession of the said premises at their own expense and without any liability on the part of the lessor, and the Lessees *167 do further agree to indemnify and hold harmless the Lessor from any liability under a lease to the Eagle Cleansers & Dyers, dated September 1, 1936, of the said premises, was not in the lease nor was it agreed that it was to become part of the lease, wherefore this lease is not enforceable as this provision is not properly part of said alleged lease and if it is part of said lease then said lease is unenforceable and recovery cannot be had as it is against public policy.
The defendant says that on or about March 27, 1941 that the plaintiff did enter and take possession of the premises conveyed by the alleged lease and having reentered, the alleged lease was terminated, wherefore the defendant owes it nothing. ’ ’
At the trial there was evidence tending to show that the plaintiff trust, as lessor, and the defendant and one Jonas Schacter, as lessees, executed a written lease to the premises in question for a term of one year from January 1, 1941 at $100 per month. At the time of the execution of said lease the premises were occupied by the Eagle Cleansers and Dyers, and a lease to them did not terminate until September 1,1941. In the lease signed by the defendant there was a clause by which the lessees agreed to accept the lease subject to the occupancy of the premises by “any persons, firms or corporations, and to secure possession of said premises at their own expense and without any liability on the part of the lessor”. There was also evidence that in a Bill in Equity brought by the Holland Cleansers and the Eagle Cleansers and Dyers against the defendant and the said Schacter, the latter were both enjoined from taking possession of said premises, a final decree to that effect being issued August 7, 1941. The sum of two hundred dollars was paid on this lease, one hundred of which being paid by said Schacter. The plaintiff’s attorneys, Hill, Blake & Berkal, sent a letter to said Schacter, dated March 15, 1941, “threatening to make entry and terminate the *168 lease if the rent dne for March 1941 was not paid”, and another letter dated March 27, 1941, also signed by said attorneys, stating that the lease was1 terminated by entry. An original and a duplicate of both of these letters were also received by the defendant. The plaintiff brought suit against the defendant and said Schacter in the Superior Court for the County of Essex, no service having been made on the defendant as he was out of the Commonwealth. The plaintiff discontinued his action against the defendant in that Court and obtained a judgment by default against the said Schacter on November 13, 1944, on which nothing has been paid and for the satisfaction of which Supplementary Proceedings are pending in the Municipal Court of Brookline.
After both parties had rested counsel for plaintiff, Martin Berkal, Esq., who had tried the case to that point, was permitted to' take the stand and to testify over the objections of the defendant as to his authority with respect to said lease, that he had the authority to threaten to terminate the lease, but had no authority to actually terminate the lease. The report states that the defendant “duly claimed a report, which claim was reduced in writing1 and presented within the time allowed”.
The defendant submitted the following requests for rulings:
“1. If the Court finds that at the time of the Interlocutory injunction restraining the defendant from interfering with the possession of the then lease, this alleged lease was not signed by the necessary parties, then said alleged lease was of no affect. 2. If the Court finds that the alleged lease was signed by the defendant without mention ‘of subject to occupancy’ etc., then the defendant is not bound by this alleged lease. 2 a. There was no delivery of this lease as required by law. 3. As a condition precedent to recovery, the plaintiff must show that it was able to deliver *169 exclusive possession of said premises against all the' world. 4. If the defendant was restrained by the equity court from taking possession of the premises, then he is not responsible upon this lease. 5. The plaintiff, acting through Max Schribman its trustee, elected to sue Jonas Schacter on this lease and having recovered judgment against him, it cannot now maintain this act against the defendant. Lamnquist v. Lammi, 242 Mass, 574, 576. 6. The judgment against Schacter was based upon the alleged lease, the same was merged, so that no action can afterwards be maintained upon the original promise. Ward v. Johnson, 13 Mass. 148. Wyman v. Fabens, 111 Mass. 77, 80. Moore v. Municipal Court, 291 Mass. 504, 505. 7. If the court finds that the landlord did re-enter the premises, this terminated the lease. Caruso v. Shelit, 282 Mass. 196. 8. Monthly rent was indivisible and even though the rent sued for was payable in advance on March 1, 1941, the lease having been terminated by the landlord’s re-entry between that date and the following rent day, such termination destroyed the right tohich the plaintiff previously had to require the payment of the rent for that month as to the whole amount of the rent. Sutton v. Goodman, 194 Mass. 389, 395. 9. As monthly payments of rent could not be apportioned, ' the consideration of the rent of March 1941 payable in advance on the first of that month, was intended to be the equivalent of a full month’s use of the premises. Hall v. Middleby, 197 Mass. 485. 10. The full month’s (March 1941) use of the premises having been superseded by the landlord’s re-entry, it cannot recover on this alleged lease for March 1941 or thereafter. 11. The lease having been terminated by reentry, the right to collect the rent for the month of March 1941, and for the remainder of the term of the alleged lease was irrevocably lost by said re-entry. Hall v. Middleby, supra. 12. The right to recover rent is predicated upon the full use of the premises and as the landlord by re-entry terminated the full use of the premises by the defendant, it also terminated its right to recover. Termination, of use means termination of recovery. 13. There is no evidence to warrant a finding for the plaintiff/’
*170 The Court granted request numbered 9, denied requests numbered 3, 4, 6 and 13 without explanation, those numbered 1, 2, 10, 11 and 12 as he did not find the facts upon which they were predicated, and those numbered 2 a, 5, 7 and 8 as they were inapplicable in view of facts found.
The Court made the following finding of facts:
“At the time of the execution of the lease under which rent is claimed in this action, the leased premises were in the possession of a corporation in which the defendants were interested and a bill or equity was also pending in the Middlesex Superior Court, brought by the Holland Cleansers & Dyers, Inc. et ¡ais. against the defendants here regarding said premises. To this bill the plaintiff here was not a party. A final decree was entered August 7th, 1941 enjoining the defendants in this action from interfering with the possession of the plaintiff (in that action) of said premises.
I find said lease was drawn and executed in the form in which a duplicate original, signed by all the parties, was offered in evidence, and a signed duplicate original was delivered by the plaintiff to the defendants; and that the defendants paid two hundred ($200) dollars as rent thereunder for the months of January and February, 1941, and no more.
I find that on January 20th, 1942, prior to the beginning of this action, this plaintiff had sued both defendants on the same cause of action in the Essex Superior Court. The defendant Arnold, however, was not served as he was out of the State and the plaintiff discontinued as against him and secured judgment against the defendant Sehacter, on which judgment supplementary proceedings are pending in the Municipal Court of Brookline, Massachusetts. On this judgment nothing has been paid.
Two letters, dated respectively March 5, 1941 and March 27, 1941, offered in evidence by the defendants, were written to both defendants by the law firm of Hill, Blake and Berkal of Salem, the first letter threatening to terminate the lease if the rent was not paid; and the second stating:
*171 ‘You. will please take notice that in view of your failure to pay the rent as provided in the lease of the premises at 158 Humphrey St., .Swampscott, Mass., I have terminated the lease.
Very truly yours;
THE SHRIBMAH TRUST,
Max Shribman, Trustee,
By, Hill, Blake & Berkal,
Attorneys. ’
Ho further evidence was offered by the defendants with reference to an entry. Attorney Berkal testified that no entry was, in fact, made; and that he had no express authority either to write said letters or to make an entry, but that, as general attorneys for the plaintiff, he thought — ‘that was the stand they ought to take’ towards the defendants.
I find on all the evidence that no entry was, in fact made.”
The Court found for the plaintiff in the amount of eleven hundred eighty ($1180) dollars with interest from date of writ.
The report states that it “contains all the evidence material to the question reported”.
We first consider whether it was prejudicial error to have permitted counsel for the plaintiff to testify after he had tried the case up to that point.
It was decided as early as 1848 that “we cannot exclude a witness, merely because his testimony is to be given in behalf of his client. Whenever, except in the bail court, attorneys and counsel have been rejected as witnesses, it has been on the same ground on which others are excluded; namely, direct interest in the event of the suit”. Potter v. Inhabitants of Ware, 1 Cush. 519, 524.
In Holbrook v. Seagrave, 228 Mass. 26, at 29, the Court said: “While such a practice by an attorney is not to be commended, it was within the discretion of the single justice to permit the witness to testify.”
*172 The defendant also objected to the testimony of the attorney relative to his authority. The report states that the defendant “duly claimed a report” to the admission of the testimony of said attorney. Under General Laws, C. 231, s. 108 as amended, in matters of objection to the admission of evidence, the claim of report must be made known at the time of the ruling and reduced to writing in a summary manner and filed with the clerk within five days, after the making of such ruling.
No copy of any such claim of report as filed with the clerk is incorporated in the report itself. If none was1 filed this court would not have any jurisdiction of that issue. Krock v. Consolidated Mines and Power Co. Ltd., 286 Mass. 177, 179; Mass. Building Finish Co., Inc. v. Brenner, 288 Mass. 481, 484.
However the docket entries show that within five days of the last day of trial a defendant’s request for report was filed. We assume that that covered the defendant’s objections to the admission of said evidence.
The defendant had the burden of proof to show that an entry was in fact made. R. T. Adams Co. v. Israel, 244 Mass. 139, 144; Taylor v. Kennedy, 228 Mass. 390, 392; Indiana Flooring Co. v. Rudnick, 236 Mass. 90, 93.
The only evidence as to any entry introduced prior to the testimony of the attorney was the letter dated March 27,1941, stating that the lease was terminated and an entry made. The defendant had then the burden of proving that the entry, if any, was made by an authorized agent of the plaintiff.
The existence of agency was a question of fact. Hamilton v. Coster, 249 Mass. 391, 394. As stated by Chief Justice Gray “An attorney at law has the authority, by virtue of his employment as such, to do in behalf of his client all acts, in and out of court, necessary or incidental to the proseen *173 tian and management of the suit, and which affect the remedy only, and not the cause of action”. Moulton et al. v. Bowker, 115 Mass. 36, 40, and cases cited. See also Shattuck v. Bill, 142 Mass. 56. Such an authority could not have been implied. Smith v. Abbott, 221 Mass. 326, 3301; Hahn v. Loker, 229 Mass. 363, 365. In the absence in the report of the precise questions asked of Attorney Berkal in direct examination, we cannot decide whether or not they were admissible. The defendant who objected to them should have had them incorporated in the report. Woodward v. Eastman, 118 Mass. 403, 405 ; Freedman v. Lipman et al. 223 Mass. 471; Posell v. Herscovitz et al., 237 Mass. 513, 517. But evidence having been introduced as to the alleged entry in the form of the letter, it was then incumbent on the plaintiff in rebuttal that none had in fact been made. We, therefore, find no abuse of judicial discretion in permitting Attorney Berkal to testify, and in the absence from the report of the queries put to him, we find that the defendant has not sufficiently shown any prejudicial error.
Defendant’s requests numbered 1, 2, 2a, 7, 8, 10, 11 and 12 being requests for findings of facts which the trial justice was not obliged to give, or being predicated on facts which the trial justice did not find or contrary to those he found, were properly denied. Downey v. Levenson, 247 Mass. 358, 365, Gibbons v. Denoncourt, 297 Mass. 448, 452.
Those requests numbered 5 and 6 could not be given because an action against one of several co-defendants is permissible under General Laws (Ter. Ed.) C. 227, s. 15. See also Britton v. Goodman, 235 Mass. 471, 475, Silberstein, Inc. v. Nash, 298 Mass. 170.
There was no error in refusing to give requests numbered 3 and 4. The defendant took the lease subject “to the occupancy of the premises by any persons, firms or corporations, and to secure possession of said premises at *174 their own expense and without any liability on the part of the lessor”. He cannot now complain of his failure to obtain possession. Nor is the plaintiff bound by the litigation between the defendant and third parties. Old Dominion Copper, etc., Co. v. Bigelow, 203 Mass. 159, 217. Cleveland v. Malden Savings Bank, 291 Mass. 295, 298, 299 and cases cited. The defendant was even bound to pay the rent agreed upon without occupation or entry by lessees. McGlynn v. Brock, 111 Mass. 219, 222; Bowditch v. Raymond, 146 Mass. 109, 111; Buffington v. McNally, 192 Mass. 198, 203.
The last request, numbered 13, was also properly refused. The evidence was conflicting on many points but there was ample evidence, if believed, to warrant a finding for the plaintiff. Downey v. Levenson, 247 Mass. 358, 365.
There being no prejudicial error, the report is to be. dismissed.