Forte, J.
This is an action for deceit and breach of warranty in which the plaintiffs seek to recover for damages resulting from a leaking roof and water in the basement of a house they purchased from the defendants.
After living in the house for eightyears, the defendants put the house on the market with a signed “Statement of Representations” wherein it was stated that “the roof was original, no problems, good to the best of my knowledge.” As to the basement, the representation was: “no known history ofwater or dampness,” “good to the best of my knowledge.”
The written offer to purchase submitted by the plaintiffs contained a notice that the plaintiff-buyers would obtain a home inspection on or before May 5,1987 and, unless the buyers informed the sellers in writing that the inspection report was unsatisfactory, “then it shall be conclusively presumed that the buyer is satisfied with the inspection.” The plaintiffs accompanied a professional home inspector during his inspection of the house. The inspection revealed that at some undetermined time in the past, there had been water leakage in the basement which had been repaired (a can of waterproofing was found nearby). Water leakage from the porch roof was also noticed.
No evidence was introduced that any written notification of the results of the home inspection was given by the plaintiffs. However, the parties signed a purchase and sale agreement on May 5,1987 which contained the following addendum:
1. Seller will guarantee new shingled roof on porch to be watertight as certified by roofing company.
There was no mention of the basement
There was evidence that the defendant-sellers engaged a roofer to re-shingle the porch roof The roofer testified, however, that he could not guarantee that the porch roof would remain watertightunless the roof over the house was also re-shingled and that he so informed the defendants.
During the first rain after the plaintiffs’ occupancy of the house (and acceptance of the deed), there was a leak where the porch roof abutted the main roof which caused damage. In addition, during the first and subsequent rains, there was water and dampness in the basement It is unknown how long the plaintiffs had occupied the house prior to the first rain.
At the close of the evidence, the defendants filed the following requests for rulings:
*196 1. The purchase and sale agreement, the Addendum “A,” and the sellers’ statement of representation, constitute the entire agreement between the parties and is a fully integrated contract.
2. All binding warranties and representations are contained in those documents.
3. Defendants did not make any misrepresentations.
4. Plaintiff did not justifiably rely on any of the representations contained in the sellers’ statement of representation since a home inspection was conducted and plaintiff was present during such inspection.
5. D efendants complied with the provision requiring that the roof over the porch be watertight as certified by the roofing company.
The court found for the plaintiff and awarded damages on each count
The defendants now claim to be aggrieved by the following responses to their requests which were filed by the court
1. The court does not find this request material to the resolution of the dispute at bar. However, the court has reached its decision without going beyond the four corners of the punitive [sic] integrated agreement
2. The court does not find this request material to the resolution of the dispute at bar. However, the court has reached its decision solely on the strength of the warranties and representations expressed in the written documents.
3. Denied, please see special findings.
4. Denied, please see special findings.
5. Denied, please see special findings.
There was no error.
It is noted that none of the defendants’ requests tests the sufficiency of the evidence on either count. We are limited to the issues raised by the requests and the evidence reported on said issues. Eliot v. Warwick Stores, 329 Mass. 406 (1952).
Although the trial judge did not specifically allow requests numbers 1 and 2, both his statement that he confined himself in regard to the guarantee and representation to the mentioned written documents and his extensive findings of fact which were supported by the evidence, clearly indicate that there was no error. Deutch v. Ormsby, 354 Mass. 485, 487 (1958).
Requests number 3 (that there was no misrepresentation), number 4 (that there was no justifiable reliance) and number 5 (that defendant complied with requirement ofwatertight porch roof as certified by roofer) each called for a finding of fact. “So far as any of the requests involved findings of fact, their denial involves no question of law.” Katzeff v. Goldman, 248 Mass. 365, 368 (1924). The Appellate Division is limited to the review of questions of law. G.Lc. 231, §108. Butler v. Cromartie, 339 Mass. 4, 6 (1959).
Report dismissed.