Bakas, J.
The instant case is an appeal by the defendant of a judgment for the plaintiff, Brian Gill, in a negligence action for injuries sustained by the plaintiff in a fall involving a metal street grate covering a shaft approximating some fifteen feet in depth. After trial, judgment was entered for the plaintiff based on the trial judge’s determination that the defendant, Morello Construction Corporation, failed to properly maintain and safeguard the subject grate. The defendant has argued two issues on this appeal; namely, (1) that the trial court erred in denying defendant’s motion for summary judgment; and (2) that the trial court erred in denying defendant’s requests for rulings of law. There was no error.
The essential facts relative to the issues before us reveal that on August 18, 1992, the defendant was the general contractor performing renovation work at the Boston Police Station Area A-l. As general contractor, the defendant was in charge of overall safety on the job site. Among its duties, the defendant was responsible for safeguarding all workers and other individuals rightfully on the Boston Police Station Area A-l job site. On the night in question, the plaintiff, an on-duty Boston Police Officer, exited the Boston Police Station Area A-l at approximately 12:00 a.m. As the plaintiff walked across the grate it collapsed beneath him, causing him to fall into the shaft. Evidence presented at trial showed that the defendant had commenced asbestos abatement in the area of the subject shaft before the plaintiff’s fall.[1] As a result of the fall, the plaintiff sustained bodily injuries.
*205 Prior to trial, the defendant submitted a motion for summary judgment. The motion was denied and the case went to trial on May 15, 1996. On August 8, 1996, the court entered its findings and denied defendant’s requests for rulings.[2] Shortly thereafter, the court entered judgment in favor of the plaintiff in the amount of $36,736.
1. The defendant’s initial contention is that the denial of its summary judgment motion was erroneous because there was no evidence that the defendant owed the plaintiff a duty of care in the area of the plaintiff’s accident. The defendant’s contention is devoid of merit and ignores fundamental summary judgment principles.
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Dist./Mun. Cts. R. Civ. P., Rule 56(c). See generally, Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to a judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). All inferences arising from facts contained in the affidavits or other Rule 56 materials are to be viewed in the light most favorable to the party opposing the motion. Hub Associates, Inc. v. Goode, 357 Mass. 449, 451 (1970); Madden v. Estin, 28 Mass. App. Ct. 392, 394 (1990).
As in the instant case, a party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the nonmoving party’s case or by showing that the nonmoving party, i.e. the plaintiff in this case, is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass, 706, 716 (1991). Here, the defendant failed to demonstrate either of the aforesaid requirements set forth by the Kourouvacilis court.
Furthermore, and specific to the case at hand, summary judgment is rarely sought or granted in negligence actions. Manning v. Nobile, 411 Mass. 382, 388 (1991). “Ordinarily, summary judgment is not an appropriate means to resolve negligence cases because usually the question of negligence is one of fact.” Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983).
After a review of the Rule 56 materials submitted, it is established that there existed several issues of material fact including (1) whether the area where the plaintiff fell was part of the construction site where the defendant was working; (2) whether the defendant exercised control over the area of the shaft and grate in question; (3) whether the defendant was responsible for failing to secure the grate; and (4) and whether the defendant owed a duty of care to the plaintiff. These issues, all of which were disputed, permitted an inference that the defendant may have been liable for the plaintiff’s injuries. The plaintiff’s allegations presented triable issues which could only be determined by the finder of fact.
The existence of the above-referenced factual issues precluded the entry of summary judgment. Kelley v. Rossi, 395 Mass. 659, 665 (1975). Therefore, under such circumstances, summary judgment was inappropriate and it was not error for the motion judge to deny summary judgment for the defendant.
2. The defendant’s second contention is that the trial court erred in denying its requests for rulings because it cannot be held liable without evidence that it actually breached a duty owed to the plaintiff. With reference to this claim, we begin by quoting the trial judge’s findings of August 8,1996:
*206 The defendant Morello as general contractor was responsible for overall safety on the entire job site. The grate and shaft where the defendant fell were part of the job site. The grate and shaft where the defendant fell were within the area the defendant(s) were hired to renovate. The architectural plans clearly indicated that the subject shaft was to be abated. Contrary to testimony of the defendant’s witnesses, the pipe(s) in the shaft were in plain view offering further evidence to the correctness of the architectural drawings. The contract specifications are binding on the defendant, and cannot be altered to serve the defendant’s legal purpose. The defendant Morello Construction Corporation did nothing to inspect, secure, or otherwise check the safety of the grate and shaft where plaintiff fell, all in breach of its contractual obligations and duty of care to the plaintiff.
After reviewing the assembled record, it is established that the trial judge properly determined that the plaintiff satisfied his burden of demonstrating the defendant’s negligence. First, there is sufficient evidence in the record to demonstrate that the defendant exercised control over the area of the shaft in question and, thus, owed a duty of care to the plaintiff. There was evidence presented at trial to prove that the shaft and grate where the plaintiff fell were part of the job site managed and controlled by the defendant.[3] Second, the trial judge’s findings on these issues are not unsupported by the evidence contained in the record. There was factual evidence that the defendant had a duty to inspect, secure and keep the grate safe.[4] Through its omissions (i.e., the failure to inspect, secure or keep the grate and shaft safe; the failure to safeguard workers and other persons rightfully on the job site; and the failure to warn passersby of the unsecured condition of the grate), the defendant’s non-action, in a context that required him to act, amounted to actionable negligence and was the proximate cause of the plaintiff’s injuries.[5]
In short, the court’s judgment was based on its proper findings and rulings that the defendant negligently failed to warn passersby of the unsecured metal grate. The trial judge’s findings are factual and are supported by sufficient evidence in the record. Said findings and judgment should not be disturbed.[6] Crafts v. Connelly, 1991 Mass. App. Div. 195; Eliot v. Warwick Stores, 329 Mass. 406 (1952).
We conclude, therefore, that for the reasons stated we find no error by the trial judge and do hereby affirm the judgment for the plaintiff.

 Pursuant to the terms and conditions of the construction contract, much of the construction work to be performed was governed by architectural drawings and specifications. Architectural Drawing AR-1, Plaintiff’s Trial Exhibit No. 10, details the area where asbestos removal was to be performed and included the shaft in question; App. pg. 197. At trial, photographs were introduced that showed the presence of pipes in the shaft which were to be worked on by the defendant; Plaintiff’s Trial Exhibits 4 & 12.

 At the close of the evidence the defendant filed the following four requests for rulings, all of which were denied by the court:
(1) The evidence does not warrant a finding that the defendant, his agents or servants were negligent.
(2) The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.
(3) As a matter of law the defendant breached no legal duty owed by him to the plaintiff.
(4) The evidence does not warrant a finding that the defendant, his agent or his servants were in control of the shaft where the plaintiff alleges he fell.

 Pursuant to the terms and conditions of the construction contract, the defendant was responsible for the safety of the entire job site and for those persons who rightfully came in contact with that area; see testimony of Mr. Gytano Morello at App. pp. 158-162.

 The appellant’s reliance on Bradstreet v. A.R. Belli, Inc., 1991 Mass. Div. 199, is misplaced. The facts in the instant case are distinguishable from the facts in the Bradstreet case. In Bradstreet, construction work had not yet commenced at the time of the accident. However, in the instant case, construction work had already commenced at the time of the plaintiff’s fall; the defendant’s duties to inspect and keep the area safe began running upon the commencement of the renovation work.

 See App. pp. 162-178 regarding the project superintendent, Tom Jurczak’s, failure to inspect the area in question for safety conditions. Mr. Jurczak testified that the grate was not fastened until after the plaintiff’s fall; App. pp. 186, 187. In addition, Mr. Jurczak’s subsequent remedial measure of securing the grate, upon receiving notice of the plaintiff’s fall, is farther evidence of the defendant’s control over the said area; App. pp. 185-191.

 On a final note, the defendant now seeks to preclude the plaintiff from relying on the Occupational Safety and Health Act (OSHA) during trial. As the defendant conceded at oral argument, there is no evidence in the record to suggest that the court relied on OSHA standards (as opposed to the terms and conditions of the actual contract) when it rendered its decision or that the defendant was prejudiced, if in fact, an error did occur.